## FISHER v. DYNES ET AL.

PRINCIPAL AND AGENT.— Real Estate Broker.—Contract to Exchange.— Conveyance.—Negligence.—A written proposition was made by A. and accepted by B., to exchange, within a stipulated period, by warranty deed and free from encumbrance, one tract of real estate for another. A real estate broker who was negotiating the exchange on behalf of A., by direction of one who had employed him to act for A., prepared a warranty deed for A.'s tract, conveying the same to B., subject to certain taxes, and had it executed by A., but, on account of the clause relating to the taxes, it was refused by B., of which refusal, and the ground thereof, A. was kept in ignorance until the expiration of the time stipulated.

Held, in an action by the broker, against A., to recover for his services in such negotiation, that he had been guilty of gross negligence, and can not recover, and that such person employing him to act for A. had no authority to authorize the insertion of the clause relating to taxes.

BILL OF EXCEPTIONS.—Attacking Record.—Supreme Court.—Where a substituted record, containing a bill of exceptions, is filed in the Supreme Court under a rule of court, it is, prima facie, presumed to be correct, and a motion to dismiss the appeal, on the ground that the bill of exceptions is false, unsupported by affidavit, should not be sustained.

From the Marion Superior Court.

*J. W. Harper* and *D. V. Burns*, for appellant.

*D. M. Bradbury* and *C. Ballenger*, for appellees.

PERKINS, J.—Dynes & Co., real estate agents, sued Osa Fisher, the appellant, for a commission of one hundred dollars, for effecting an exchange of property for her upon the following proposition :

" Ruddell & Vinton, I will give you my two-story brick house, No. 346 east South street, located on lot No. 4 and lot No. 92, city of Indianapolis, Indiana, for your lot No. 1 and south half of lot No. 2, block 23, Johnson's Heirs Addition to the city of Indianapolis, Indiana, and twelve hundred dollars in money, both properties to be conveyed by deed of warranty, free of all incumbrance, and deeds to be exchanged and money paid within five days from date. April 26th, 1875. OSA FISHER.

"Accepted May 1st, 1875. RUDDELL & VINTON.

" This proposition is extended to May 5th, 1875, inclusive. OSA FISHER."

The contract between the parties was completed. Performance was duly tendered to Dynes & Co., agents for Mrs. Fisher, on the part of Ruddell & Vinton, but on the part of Mrs. Fisher, when the deed was tendered for her property, it was refused by Ruddell & Vinton, because not drawn according to the contract. It was drawn subject to the incumbrance of one year's taxes. Dynes & Co. drew the deed, and had it executed, and tendered it, in that manner, without authority from Mrs. Fisher, and without calling her attention to the fact of the variance in its terms from the contract, and did not inform her of its rejection by Ruddell & Vinton for that reason. The only excuse Dynes & Co. give for drawing the deed in the terms they did is, that it was done at the suggestion of Jackson, the brother of Mrs. Fisher. But, after the contract was signed by the parties, no one but those parties, or one of

them, could authorize its alteration. One of them might authorize an alteration of their part of it.

Mr. Bradbury, one of the firm of Dynes & Co., as a witness, on cross-examination, testified:

" I wrote the deed for Mrs. Fisher's property. Neither Mr. Jackson nor Mrs. Fisher was present when the deed was written. I wrote the clause in the deed in reference to the taxes of 1875. Mrs. Fisher signed and acknowledged the execution of the deed, just as I wrote it and took it to her. She acknowledged the deed before me as notary public. Mrs. Fisher never at any time made any suggestion as to how the deed should be drawn up. I never saw Mrs. Fisher except on the two occasions when I was at her house, until this morning. I never at any time notified her that her deed was not acceptable to Ruddell & Vinton. I never at any time asked her to make a new deed for her property. I did not notify Mr. Jackson that Mrs. Fisher's deed was not acceptable to Ruddell & Vinton, until a day or two after the extended time expired. I never at any time notified Mrs. Fisher that an abstract and deed and twelve-hundred-dollar check from Ruddell & Vinton had been tendered to me. I do not know the date of the check or the certificate of the bank. I do not know where on the check the bank's certificate was written. I do not know on what bank the check was drawn. There was never anything said to us by Mrs. Fisher about her paying us a commission. We were employed by Mr. Jackson to dispose of her property. The trade was not consummated."

Mrs. Fisher testified:

" I never gave any orders or suggestions about drawing up the deed. I supposed it was all right. None of the plaintiffs ever told me, at any time, that the deed was not right. I never knew why it was the trade was not made. No one ever informed me that Ruddell & Vinton objected

to my deed. I was not at any time asked to execute a new deed. They never told me at any time that a deed or abstract or check for money had been tendered to Mr. Bradbury."

Mr. Jackson, a witness, testified as follows:

"I had nothing to do with writing the deed; was not present when it was written. I do not remember requesting Mr. Bradbury to draft the deed subject to the taxes of 1875. I was not informed until a day or two after the extended time expired, that Ruddell & Vinton objected to Mrs. Fisher's deed. I do not know why the trade was not consummated."

W. K. Bradbury testified, that it was at the suggestion of Mr. Jackson, that the deed was drawn subject to the taxes of 1875; but Mr. Jackson had no power to authorize the deed to be so drawn, and this evidence could have had no legal weight in the decision of the cause.

We have copied the evidence showing the cause of the failure of the consummation of the bargain made for the exchange of the properties provided for by it.

It is very manifest that it occurred through the gross negligence of a member of the firm of Dynes & Co., plaintiffs.

It is manifest from the action of the parties, that the duty of preparing the deed of Mrs. Fisher, by Dynes & Co., was embraced by her contract with Dynes & Co., made with them for her by Mr. Jackson, her brother, and on which they sue her as principal.

The deed was prepared by a member of that firm, in the terms it was, without authority from her, and without calling her attention to the fact, in direct violation of the written contract signed by Mrs. Fisher and by Ruddell & Vinton, which the plaintiffs had procured to be executed.

For this reason the deed was rejected by the latter. Yet Dynes & Co. prepared no new deed conforming to the con-

tract, and failed to give Mrs. Fisher any notice of the status of the business, whereby she might have been induced to correct the error of her agents.

Where the gross negligence of the agent causes a failure of the business he is employed to accomplish, and thus renders his services worthless, he can not recover compensation for those services.

One other matter must be noticed. This cause is decided upon what appears to be a perfect record, containing a bill of exceptions, not, if a bill could be, signed conditionally, but duly signed, etc., which record was filed April 22d, 1878, and is endorsed "Substituted record filed under rule of court." It is the only record filed in the cause and before this court, and is *prima facie* correct.

On the same day of the filing of this record, Mr. Bradbury filed a motion to dismiss the appeal, "because there is no real bill of exceptions filed in said cause; that the pretended bill of exceptions in and part of the record is false and untrue; that it does not contain the evidence," etc.

No affidavit supports his motion. There are affidavits bearing dates from April 11th, 1877, to January 22d, 1878, touching previous records and bills of exceptions, but none impeaching the accuracy of the record upon which the cause is decided.

The judgment is reversed, with costs, and the cause remanded, etc.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1878.