[No. 7097.  Decided April 13, 1908.]

## MARK MUNSON, *Appellant*, v. GREGOR McGREGOR, *Respondent*.[1]

VENDOR AND PURCHASER—FAILURE TO CONVEY—REMEDIES OF VENDEE —EVIDENCE OF PERFORMANCE—PRINCIPAL AND AGENT—AUTHORITY OF AGENT. In an action for damages for breach of a vendor's agreement to convey property sold to the plaintiff, evidence that the vendor's agent requested further time on behalf of the plaintiff, and stated that plaintiff refused to complete the purchase, is inadmissible and insufficient to support findings in favor of the defendant vendor as to the vendee's nonperformance, where it appears that the agent was not authorized to represent or bind the plaintiff.

SAME—NECESSITY OF TENDER BY PURCHASER. A tender of performance by a vendee is not necessary before bringing action for damages for the vendor's failure to convey, where the vendor had sold the property to another and put it out of his power to perform his contract.

SAME—ABILITY TO PERFORM—EVIDENCE—SUFFICIENCY. A finding that a vendee was not able to perform his part of a contract calling for certain payments is not warranted by evidence that he had arranged to secure the money from a third party, as the same would be *prima facie* evidence of ability to perform.

SAME—BREACH BY VENDOR—DAMAGES. Upon a vendor's refusal to convey property and a wrongful sale thereof to a third person

[1]Reported in 94 Pac. 1085.

at the advanced price, the best evidence of the vendee's damages may be the excess of the advanced price, plus earnest money paid, where there was evidence that the value exceeded the contract price and the property was of a fluctuating value.

Appeal from a judgment of the superior court for King county, Rigg, J., entered May 28, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Reversed.

*Granger & Magill,* for appellant.

*George Fowler,* for respondent.

FULLERTON, J.—In the summer of 1906 the respondent held a contract in writing for the purchase of certain real property situated in the city of Seattle, which property he listed with one Fraser, a real estate agent, for the purposes of sale. On July 3 of that year the agent found a purchaser in the person of the appellant, and thereupon entered into the following contract with him:

"Seattle, Washington, July 3, 1906.

"Received from Mark Munson One Hundred Twenty-five and 00-100 Dollars, as earnest money for the purchase of the following described property in the county of King, state of Washington, viz.: Lots 5 and 6, block 6, Ladd's 1st Addition to Seattle. The purchase price is Forty-five Hundred ($4,500) Dollars, to be paid as follows: All assessments and taxes paid in full, $2,635 more cash upon delivery of a contract for warranty deed from the owner within twenty days from date of delivery of abstract. The balance to be secured by a mortgage on the premises with interest at 7 per cent per annum, payable $580 November 23d, 1906, $580 November 23, 1907, $580 November 23, 1908. Abstract of title brought down to date, certified to by a competent abstractor, to be furnished by owner, and purchaser to have twenty days in which to examine the same. If this title is not perfect and cannot be perfected within sixty days, said payment of $125 shall be refunded. If the purchaser fails to perform his part of this agreement, the payment of $125 already made shall be forfeited. Time is the essence of this contract.

"By Fred Fraser, Agent."

The respondent accepted the contract, in writing, and was paid the earnest money mentioned therein. The abstract required to be furnished by the terms of the contract was handed the appellant on July 11, 1906. The respondent had never recorded his contract of purchase, and the abstract failed to show his interest in the property, but showed, on the contrary, title in a third person, a stranger to the contract. The appellant, within the twenty days allowed him for an examination of the abstract, returned it to the agent with the request that it be completed so as to show the respondent's interest in the property, and his right to convey the same. A few days after, the respondent sold the property to another person at an advanced price, thereby putting it beyond his power to comply with his contract with the appellant. The appellant thereupon brought this action to recover as for a breach of the contract, averring damages in the sum of $2,000. The action was tried by the court without the aid of a jury, and resulted in a judgment in favor of the respondent.

The trial court based his judgment on a finding to the effect that the appellant had, through the real estate agent, asked for further time in which to make the payments, and, when further time was refused him, had, through the same source, returned the abstract to the respondent; and, further, that the appellant had not tendered performance, and was at no time during the life of the contract able to perform on his part.

The first of these findings is made on the testimony of the respondent himself. He testified that the agent did request further time on behalf of the appellant, and later did bring the abstract to him with the statement that the appellant would not or could not perform. But this evidence went in over the objection of the appellant, and was clearly inadmissible under the record as it appears before us. There is nothing in the record to show that the agent was ever authorized to represent the appellant, while it abundantly appears that he did,

in all of the dealings between the parties, represent the respondent; in fact the appellant testified without being disputed that he had never seen the respondent until the morning of the trial. The agent's declaration therefore could not bind the appellant, and the court was in error in basing any finding of fact thereon.

Neither was it a defense to show that the appellant did not tender performance of the contract. In order for the appellant to recover it was necessary for him to show that the respondent was guilty of a breach of the contract, and this he could have done effectively, of course, by tendering performance on his part and compelling the other side to refuse. But this was not the only way such breach could be established. It was a sufficient evidence of a breach to show that the respondent had, during the life of his contract with the appellant, put it out of his power to perform. This the appellant did by showing by undisputed evidence the sale and conveyance of the property to an innocent third person. A tender under such circumstances would have been but a useless ceremony, and no litigant is required to do a useless thing in order to maintain his action.

The finding that the appellant was not able to perform the contract on his part is also without support in the record. The only competent evidence on the question is the testimony of the appellant that he had arranged with a third person to furnish the money for the purchase price, and the testimony of such third person that he had made such an arrangement with the appellant. This it would seem is sufficient to establish the fact in the absence of evidence to the contrary, even if we assume that the burden was upon the appellant to establish the fact, a question we do not here undertake to decide.

We conclude therefore that the appellant established his right to a recovery, and the amount thereof must be considered. There was evidence tending to show that the property was worth at different times a sum considerable in excess of the contract price, but its value was shown to be fluctuating,

and we have concluded that the best evidence is the price the respondent received for it when he sold pending his contract with the appellant. The price so received was $5,000, being $500 more than the price for which he agreed to sell it to the appellant. The appellant will therefore be allowed to recover that sum, together with the amount paid as earnest money at the time of the execution of the contract, making $625 in all. Interest on the whole sum will be allowed from the date of the trial in the court below, with costs in both courts.

The cause is remanded with instruction to the court below to enter judgment accordingly.

HADLEY, C. J., CROW, and MOUNT, JJ., concur.