Vincenzo Varone
vs.                    } Div. No. 24386.
Beatrice  M.  Varone

October 16, 1930.

BLODGETT, P. J.    Petition for divorce on grounds of extreme cruelty and continued drunkenness.

The Court is of the opinion that petitioner has established a case of continued drunkenness by the testimony.

Decision for petitioner upon that ground.

The Court is further of the opinion from the testimony that the custody of the six minor children should be given to petitioner subject to such opportunity on the part of respondent to see and visit such children as may be provided in a decree for that purpose to be hereinafter entered upon a hearing.

For petitioner: Louis V. Jackvony.

For respondent: Peter W. McKiernan.

Arthur  Marcotte
vs.                    } Law No. 82801.
Samuel  Finn  et  ux.

October 16, 1930.

CHURCHILL, J.    This is an action of assumpsit brought to recover damages for breach of contract for the sale of certain real estate to the plaintiff.    Jury trial was waived.

An agreement was executed on October 8, 1928, by H. Eisenberg, purporting to act as the agent of the vendors, the defendants.    The property was to be sold to the plaintiff for the sum of $66,000.    The plaintiff was to

assume a first mortgage on the premises for $30,000, was to transfer to the defendants a second mortgage which the plaintiff held on the property of one Gareau in the sum of $16,000. and the balance was to be divided between a second mortgage and a cash payment. The plaintiff was to take title in ten days and the property was to be sold free and clear of all encumbrances.

The main point in dispute is the authority of Eisenberg to bind the defendants. The title to the property was in Rebecca Finn, one of the defendants and the wife of Samuel Finn. Both defendants denied categorically that any authority was ever given to Eisenberg to sell at the price of $66,000, while Eisenberg stated positively, with much detail as to the circumstances surrounding the transaction, that such authority was specifically given.

Oral authority to an agent to sell real estate is sufficient to bind the defendants.

*Sholovitz* vs. *Noorigian*, 42 R. I. 282 at 286.

On August 27, 1928, Rebecca Finn and Samuel Finn gave written authority to Eisenberg to sell the property involved for $68,500. The authority then given expired by its own terms within fifteen days and within that time Eisenberg had not been able to effect a sale. Some time later, but prior to October 8, 1928, Eisenberg succeeded in interesting the plaintiff in the purchase of the property. Marcotte finally agreed to buy the property for $66,000.

Eisenberg testified that on the morning of October 8, 1928, he saw Samuel Finn, told him of the price and terms that Marcotte had offered for the property; that Finn desired to consult Mrs. Finn; that he called her up by telephone; that shortly afterwards Finn told Eisenberg, "All right; go ahead and sell;" that Eisenberg that day drew up the agreement for the sale; that Marcotte that day gave him a check for $500.

Both Rebecca Finn and Samuel Finn denied that they ever authorized the sale at $66,000 and asseverated that Eisenberg was repeatedly told that $70,000 was the lowest price at which they would consider a sale.

It is undisputed that on the evening of October 8, 1928, Eisenberg went to the home of the defendants. He testified that he took with him the check for $500 given by Marcotte, the agreement executed by him on behalf of the defendants, and a further agreement to sell to be executed by the defendants themselves; that Finn that evening for the first time raised the question of the payment of the current taxes on the property and refused, after a great deal of discussion, to go on with the transaction unless Marcotte paid the taxes. Both the defendants denied that the matter of the payment of the taxes came up at all on that evening and both denied having seen the check for $500, and Mrs. Finn stated that, although Eisenberg was at the house discussing the sale of the property, she refused to take any part in the discussion.

It is established by the testimony of Marcotte, who was apparently a trustworthy witness, that after this interview on the evening of October 8, 1928, it was agreed between him and Eisenberg that each would pay one-half of the current taxes.

Thursday Marcotte and Eisenberg went to Finn's store in Pawtucket. either on the following Wednesday or October 8, 1928, fell on Monday and Marcotte testified they went there to carry out the transaction with Finn. Either Eisenberg or Marcotte told Finn of the arrangement in regard to the taxes. Marcotte was frank enough to state that Finn did not expressly say that he would carry the transaction through but that his manner indicated that he was satisfied. As to

what followed there is no substantial conflict in the testimony. Just after Marcotte and Eisenberg arrived at the store, one Tetreault and Pahlin, a real estate broker, appeared. Finn, seeing them, persuaded Marcotte and Eisenberg to seclude themselves in another part of the store; told them he would be back in a few minutes; went out with Tetreault and Pahlin to a vacant lot in the rear of the store, there consummated a bargain with Tetreault to sell the property to him for $70,000 in cash and mortgages; then went to the office of an attorney in Pawtucket, had the necessary papers prepared and returned to the store in the middle of the afternoon. Marcotte and Eisenberg went to Finn's store before 12 o'clock on that day.

Taking the testimony as a whole, the Court is unable to accept the testimony of the two defendants where their testimony is disputed. The credibility of their testimony was seriously shaken in the mind of the Court by their manner on the witness stand and while giving their testimony, by the improbability of the version given by them as to what transpired at their home on the evening of October 8, 1928, and by the evasive character of their testimony throughout the hearing. Furthermore, the manner in which the sale to Tetreault was consummated and the secrecy in which it was enveloped tend strongly to the conclusion that Finn was endeavoring to carry through a transaction which he knew he violated he rights of Marcotte.

I find that Rebecca Finn and Samuel Finn authorized Eisenberg to sell the property to Marcotte for $66,000 and on the terms set forth in the agreement of October 8, 1928, and which was signed on their behalf by Eisenberg.

The sale to Tetreault was consummated on October 16, 1928, when a deed to Tetreault was executed and delivered by Mrs. Finn and recorded on the same day. The purchase price was $70,000, the purchaser giving back purchase price mortgages in part payment thereof, and the balance in cash.

The defendants take the point that the plaintiff having paid nothing is entitled to no more than nominal damages. This point is not well taken.

*Barbour* vs. *Nichols*, 3 R. I. 187.

The plaintiff is entitled to full compensatory damages including the loss of his bargain under the circumstances found to exist in this case.

*Makusevich* vs. *Gotta*, 107 Conn. 207; 139 Atl. 780.

Where a vendor disables himself from the performance of his contract by a sale to a third party, the vendee is entitled to damages for the loss of his bargain.

48 A. L. R. 755.

Defendants make the further argument that the plaintiff did not put in any testimony showing the fair cash market value of the land on the date of the breach, October 16, 1928.

There is an authority for the position of the plaintiff that the price received by a vendor on a sale to a third party fixes the damages to which the plaintiff is entitled.

*Lynam* vs. *Harvey*, 12 Del. Chan. 129; 108 Atl. 850.

*Munson* vs. *McGregor*, 49 Wash. 276; 94 Pac. 1085.

The defendants also urge that the sale to Tetreault, not being a cash sale but a sale partly for cash with the balance on mortgage, is not a sufficient basis for a finding of cash market value.

No testimony was introduced by the defendants as to the fair cash market value of the property on October 16, 1928. There is nothing to rebut the conclusion to be drawn from the admitted fact that the property was sold by the defendants at the price of $70,000. That evidence of other sales not on a strictly cash basis is evidence of cash market value was held in the

well considered case of

*Dady vs. Condit*, 209 Ill. 488; 70 N. E. 1088.

I find on all the testimony that the fair cash market value of the property on October 16, 1928, was $70,000. In this case interest should be computed at 6 per cent. from the date of sale to Tetreault, October 16, 1928, to the date of this decision.

48 A. L. R. 62.

Decision for the plaintiff for $4,480.

For plaintiff: Cooney & Cooney.

For defendants: James G. Connolly.