[No. 35013. *En Banc.* October 27, 1960.]

OTTILIO MATTIELIGH, *Appellant,* v. DWIGHT POE, *Respondent,* LEONARD DEMONBRUN *et al., Defendants.*[1]

[1]Reported in 356 P. (2d) 328.

*Miracle, Treadwell & Pruzan* and *Jerome Shulkin*, for appellant.

FOSTER, J.—Plaintiff below appeals from a judgment of dismissal. Appellant sued to recover a real-estate broker's commission paid to respondent Poe. At the conclusion of appellant's evidence, the court orally granted respondent's motion to dismiss "on the ground that the evidence produced by the plaintiff was not sufficient to sustain his cause of action," and the judgment recites that plaintiff's case was dismissed because of the insufficiency of his evidence.

So circumstanced, the appellant's evidence must be considered in the light most favorable to him; that is to say, his evidence must be accepted at its face value. He is entitled to every reasonable inference to be drawn therefrom. *In re Youngkin's Estate,* 48 Wn. (2d) 432, 294 P. (2d) 426; *O'Brien v. Schultz,* 45 Wn. (2d) 769, 278 P. (2d) 322.

Appellant is an elderly foreign-born farmer, for many years employed as a garbage collector. He is unschooled, and has a very limited ability to read, write or speak the English language.

Respondent is a licensed real-estate broker.

The appellant does not claim fraud; indeed, he specifically disclaims it. The appellant, in effect, charges malpractice by the respondent broker in the practice of his profession.

The appellant's proof was that the contract prepared by respondent was at variance in many particulars with his instructions. When a broker undertakes to practice law, he is liable for negligence. It is immaterial whether the broker's attempt to prepare a contract, such as had been authorized by his client, failed because of his ignorance, stupidity, incompetence, negligence or fraud. *Biakanja v. Irving,* 49

Cal. (2d) 647, 320 P. (2d) 16, 65 A. L. R. (2d) 1358.[2] *Latson v. Eaton* (Okla.), 341 P. (2d) 247.

Upon discovery of such variance in the contract, appellant sued for a modification to conform with the terms to which he had agreed. The result was an agreed rescission of the sale.

█ If a real-estate broker fails to exercise reasonable care and skill, he is liable to his client for the damages resulting from such failure. *Shaw v. Briggle*, 193 Wash. 595, 76 P. (2d) 1011; *Western Bakeries, Inc. v. John Davis & Co.*, 110 Wash. 463, 188 Pac. 406; *Smith v. Fidelity & Columbia Trust Co.*, 227 Ky. 120, 12 S. W. (2d) 276, 62 A. L. R. 1353.

█ If the negligence, ignorance, stupidity, incompetence or fraud of a real-estate broker causes the rescission of a sale negotiated by him, one of the items of the principal's damage is the commission paid. *Langston v. Hoyt*, 108 Kan. 245, 194 Pac. 654; *Crichton v. Halliburton & Moore*, 154 Miss. 265, 122 So. 200; *Harvey v. Cook*, 24 Ill. App. 134; *Fisher v. Dynes*, 62 Ind. 348; 12 C. J. S. 164, § 73; 8 Am. Jur. 1067, 1068, § 142; annotation, 62 A. L. R. 1357, 1362.

█ The appellant made a *prima facie* case against his broker, the respondent. Consequently, respondent's challenge to the sufficiency of appellant's evidence should have been denied, and the complaint should not have been dismissed.

The judgment is reversed and a new trial granted.

WEAVER, C. J., HILL, DONWORTH, and ROSELLINI, JJ., concur.

FINLEY, J. concurs in the result.

---

[2]In a case note in 11 Vanderbilt L. Rev. 599, 602, to the opinion of the district court of appeal in *Biakanja v. Irving* (Cal. 1957), 310 P. (2d) 63, it is said:

"Persons who practice law without authority or engage in acts that may be construed as such practice, should take warning from this case, for they are acting at their peril. Absolute liability is placed on the unauthorized practitioner for any mistake that may be incorporated in his work, for no matter how deeply concealed the defect may lie his failure to draw an instrument validly, to the injury of anyone, is negligence per se. . . ."

OTT, J. (dissenting)—The judge who tried the case did not believe that the elderly foreign-born farmer, who had been in business for twenty years, had limited ability to understand the contract he signed. In this regard, the trial court said:

" . . . And that brings into play, as far as the Court is concerned, that the plaintiff is a very canny, shrewd individual. The Court does not believe that the plaintiff, in spite of his broken English, is not a competent individual, competent to take care of his own affairs. His experience as a cattle raiser and buyer in the open market at auction sales and that sort of thing would so indicate. He had been at it some twenty years. He even made a good deal on the commission, got it cut down considerably. *Certainly he is a competent business man.*" (Italics mine.)

The majority of this court find that the negligence of the broker caused appellant's contract to be cancelled. The legally constituted trier of the facts did not so find. In this regard, the court said:

"Now, then, for some reason unknown to the Court he started this action in Snohomish County, No. 59709; and for some reason the purchaser—whether he found out the time was not right for selling this real estate in smaller parcels to third parties, whether on account of the recession or what happened the Court does not know. But he does know that after this contract, Exhibit 3, was signed $150.00 monthly payments were made for some ten months; and apparently it was not until after those stopped that the plaintiff instituted his action to rescind. But this never went to court. Neither the Snohomish County Court nor any other court has ever determined that there was any fraud or misrepresentation as far as the plaintiff and the purchasers are concerned in this matter. *They decided just to call it quits, and they did.*" (Italics mine.)

The majority hold that there is evidence in this record of stupidity, ignorance, negligence, and incompetence on the part of the respondent. The trier of the facts said: "*I do not believe there is one iota of competent testimony in this case that this real estate man did anything untoward.*" (Italics mine.)

Finally, there is no proof in the record before us that

appellant *seller* suffered any loss as a result of the alleged misconduct of the realtor. By stipulation, the appellant's property was restored to him upon terms that were satisfactory to him. The record establishes that the commission was withheld from the *purchaser's* down payment. The purchaser is not a party to this proceeding. During oral argument, the court asked the following question of counsel for appellant seller: "Did your client return the twelve hundred dollars to the *purchaser* that had gone to the real-estate man, when the contract was rescinded?" Counsel replied: "No, your Honor." The appellant seller did not prove to the satisfaction of the trial court that he had suffered any loss or damage, and his response to the preceding question asked by this court compels but one conclusion, namely, that appellant seller incurred no loss or damage which was capable of proof and upon which he could predicate a cause of action.

In my opinion, the trial court's determination that the facts failed to establish a *prima facie* case against the broker should be affirmed.

MALLERY and HUNTER, JJ., concur with OTT, J.