**Marvin ELLIS, Plaintiff in Error,**

**v.**

**G. O. HOLLIS, Defendant in Error.**

**No. 40583.**

Supreme Court of Oklahoma.

Jan. 26, 1965.

John A. Ruth, Kingfisher, for plaintiff in error.

Custer W. Sandlin, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

The parties will be referred to as they appeared in the trial court.

Plaintiff's petition alleged he was a licensed real estate broker; that defendant orally employed him to secure discounts on mortgages covering defendant's farm in Logan County, Oklahoma; and as a direct result of plaintiff's services, the mortgage holders agreed to release their mortgages for discounted sums thereby effecting a $3,400 savings for defendant. The petition further alleged that the reasonable and customary commission charged by real estate brokers for the type of services rendered defendant was $850, but defendant refused to pay same. Plaintiff prayed for judgment in said sum.

Defendant's amended answer, in addition to a general denial, alleged defendant orally employed plaintiff to sell five acres of defendant's farm (the exact legal description to be fixed at a later date) in Logan County, Oklahoma, which was subject to certain real estate mortgages, for $7,200 ($7,200 in cash or $1,500 in cash and a note and mortgage for the balance). That it was agreed plaintiff would receive a commission of 7% of the sale. Defendant alleged plaintiff, without defendant's knowledge or direction, negotiated the discounted cash payment to the mortgagees for the release of their mortgages, which defendant paid, to free the five acre tract from liens. That plaintiff then secured a purchaser who agreed to pay $7,200 for the property, $4,000 in cash when she disposed of her property and a note and mortgage for the balance. Plaintiff informed defendant of the prospective purchaser's offer and completed a form sales contract, which both defendant and prospective purchaser signed. Defendant's amended answer further alleged that the sales contract did not contain the provisions agreed upon, but was indefinite, uncertain and ambiguous. The defendant confronted the prospective purchaser and plaintiff with the fact that the written contract did not comply with the oral agreements and the written contract was then canceled and rescinded.

Defendant's cross-petition and counterclaim adopted all the allegations of defendant's amended answer and further alleged

that plaintiff negligently and improperly drafted a contract upon indefinite, uncertain and damaging terms. That defendant's five acre tract could have been sold to said prospective purchaser for $7,200 had it not been for the negligent acts of plaintiff. That defendant has been unable to sell and has not sold said five acre tract of land for $7,200 and that a sale of said property cannot be made for more than $5,200. Defendant prays for judgment against plaintiff on the cross-petition and counterclaim for $2,000.

A copy of said Uniform Purchase Contract was attached as an exhibit to defendant's cross-petition and counterclaim. It provided in part:

"I, or we, the undersigned hereby agree to purchase the property hereinafter described, to-wit: HOUSE and 5 ACRES of land, Approx. 16 Mile East of *Guthrey*, Okl. 1½ Mile North. Owner Marvin Ellis * * *. On the following terms: The total price to be SEVEN-THOUSAND TWO-HUNDRED Dollars of which Equity in House 508. N Bath valued at Four-Thousand Dollars ($4,000.00) is to be paid in cash at the time of closing, the balance to be paid on the following terms, to-wit: the Balance to be a Mortgage in the Amount of THREE-THOUSAND TWO-HUNDRED DOLLARS ($3,200.00) * * *."

Plaintiff filed a motion to strike and a demurrer to the cross-petition and counterclaim. The demurrer was subsequently sustained and the cross-petition and counterclaim dismissed by the trial court. Defendant appeals from this order. Six propositions are urged for reversal, as follows:

"Proposition I. A demurrer admits the truth of all facts well pleaded together with all inferences that may be reasonably drawn therefrom and the petition should be liberally construed in favor of the plaintiff.

"Proposition II. When a pleading states any facts upon which the pleader is entitled to any relief, sustaining a demurrer thereto constitutes reversible error.

"Proposition III. When a realty broker undertakes to practice law, he is liable for any negligence.

"Proposition IV. If a realty broker fails to exercise reasonable care and skill, he is liable to his client for the damages resulting from such failure.

"Proposition V. An agent is under a duty to obey the proper instructions of his principal and is liable for losses resulting from violations thereof.

"Proposition VI. An agent is a fiduciary and has the duties of good faith, loyalty and honesty to his principal."

We find it unnecessary to determine the correctness of the above propositions as the sole issue presented is whether defendant's cross-petition and counterclaim state a cause of action against the plaintiff.

3 C.J.S. Agency § 162, p. 46, states:

"An agent is liable on the ground of negligence only for such damages as are the natural and proximate result of his negligence, * * *."

In 62 A.L.R. 1357, p. 1361, this language is found:

"The damages to a principal which flow naturally from the negligence of his real estate broker, and which are a direct consequence of his negligence, are recoverable by the principal. (citations)"

It is elemental that a party will not be permitted to recover from another whose alleged acts, however wrongful, are not the proximate cause of the injury suffered. Defendant's inability to sell the five acre tract to the prospective purchaser under the form contract was not the natural and proximate result of its negligent preparation by plaintiff. The contract was canceled and rescinded by apparent agreement between defendant and the prospective purchaser.

We think Smith v. Howard, 158 Cal.App. 2d 343, 322 P.2d 1034, is in point. Here, in substance, a real estate broker was authorized to purchase certain property for his principal, but the property was sold to the broker's mother because of the alleged negligent performance of his duties as an agent. The Court, at page 1037, said:

"* * * It appears that there was no causal relationship between defendants' alleged acts (or omissions) and the injury of which plaintiffs complain. The alleged damage sustained by each plaintiff is based upon the fact that the property in question was sold to Howard's mother instead of Smith * * *. However, it appears conclusively from the testimony of Mrs. Richardson, the owner of the property, that defendants' alleged acts had no connection with her decision to sell the property to Mrs. Howard. * * * It is thus clear that Mrs. Richardson would not have accepted Smith's offer in any event since it involved a second trust deed. The alleged acts of defendants were therefore not the proximate cause of plaintiff's failure to successfully negotiate a purchase of the property. * * *"

The cross-petition and counterclaim does not show on its face that defendant suffered damages caused by the alleged negligent preparation of the form contract by plaintiff. Since it did not state a cause of action, the demurrer to defendant's cross-petition and counterclaim was properly sustained by the trial court.

Judgment affirmed.

JOHNSON, WILLIAMS, BLACKBIRD and BERRY, JJ., concur.

DAVISON and IRWIN, JJ., concur in result.

JACKSON, V. C. J., dissents.

JACKSON, Vice Chief Justice (dissenting).

It is agreed by the parties that a petition should be liberally construed in favor of the plaintiff. The rule is also applicable to cross-petitions.

I believe the defendant below, Marvin Ellis, plead a cause of action against plaintiff below, G. O. Hollis, and that plaintiff's demurrer to defendant's cross-petition and counterclaim should have been overruled.

In defendant's answer he alleged that he, the defendant Ellis, owned only the surface of a tract of land and authorized plaintiff, Hollis, to sell the surface of five acres of the land upon which the house and improvements were located for $7,200.00 cash, or cash of $1500.00 and a note for the remainder secured by a mortgage or vendor's lien upon the five acres. That plaintiff told defendant that Ella Mae Reece would purchase the property for $7,200.00; that $4,000.00 would be in cash when Ella Mae Reece sold her Oklahoma City property, and the remaining $3,200.00 to be paid by her note, secured by a mortgage upon the five acres.

Defendant's answer further alleged that plaintiff, Hollis, prepared a contract of sale and caused defendant and Ella Mae Reece to sign the same; but that the contract wrongfully, improperly, and negligently contained other provisions and was indefinite, uncertain and ambiguous as shown by an attached copy.

Defendant further alleged in his answer: "That the defendant, Marvin Ellis, confronted Ella Mae Reece and the plaintiff, G. O. Hollis with the fact that the writing did not comply with the oral agreements and *Ella Mae Reece cancelled and abrogated* the written agreement and returned her copy of said agreement to the defendant; the plaintiff, G. O. *Hollis then cancelled and abrogated the agreement and wrote 'Void as G. O. Hollis'* upon the face thereof." (emphasis supplied).

The defendant then incorporated the foregoing allegations into his cross-petition and counterclaim and further alleged therein in pertinent part as follows: "That G. O. Hollis, willfully, wrongfully, negligently and improperly draft-

ed and attempted to cause the defendant, Marvin Ellis, to complete a contract upon indefinite, uncertain and damaging terms as shown by the document, a copy of which is attached and Marked 'Exhibit A.' The five acre tract belonging to Marvin Ellis could have been sold to Ella Mae Reece for $7,200.00 had it not been for the wrongful, and negligent acts of the plaintiff, G. O. Hollis.

"That G. O. Hollis assumed the responsibility for drafting a contract and it was his duty and obligation to prepare it accurately, clearly, and in accord with the oral agreement and he breached his duty and obligation to Marvin Ellis in that he did not prepare an accurate, clear, or unambiguous contract and G. O. Hollis also breached his obligation to Marvin Ellis in misrepresenting to Marvin Ellis the contents and effect of the writing, and he further breached his duties to Marvin Ellis by attempting to force upon Ellis a writing in conflict with the oral agency agreement Marvin Ellis had given G. O. Hollis."

Defendant further alleged that he has been unable to sell the five acre tract for $7,200.00 and that a sale of the property cannot be made for more than $5,200.00. He prayed judgment on his cross-petition for $2,000.00.

The purchase contract which was attached to defendant's cross-petition is quoted as follows:

"UNIFORM PURCHASE CONTRACT"

"C50125                                    June 23rd, 1962.

"I, or we, the undersigned hereby agree to purchase the property hereinafter described, to-wit: HOUSE and 5 ACRES of land, Approx. 16 Mile East of *Guthrey*, Okla. 1½ Mile North. Owner Marvin Ellis Including ELECT. Range and Elect. Water Heater and all Stoves (except ones belonging to Tenants, & Wood K.S. subject, however, and on condition that the seller thereof has good and valid title, in fee simple, and agrees to furnish abstract to date of sale and convey said premises by Joint Tenancy warranty deed. On the following terms: The total price to be SEVEN-THOUSAND TWO-HUNDRED Dollars ($7,200.00) of which Equity in House 508 N Bath valued at Four-Thousand Dollars ($4,000.00) is to be paid in cash at the time of closing, the balance to be on the following terms, to-wit: the Balance to be a Mortgage in the Amount of THREE-THOUSAND TWO-HUNDRED DOLLARS ($3,200.00) with Some Loan Company if can be Arranged. it is Understood that Property 508 N. Bath is Valued at $5,500.00 with Present Balance not to Exceed $1,500.00

"The seller is to pay all Advalorem taxes to and including the year 1961, and special assessments, if any, to *an* including 1962. If this offer is accepted, I, or we, agree to close within 10 days after abstract is delivered. I, or we, agree to buy insurance now in force on a pro-rata basis. Rents and interest, if any, to be pro-rated on date of closing. Possession to be given on or before at *Closeing* or as Agreed on.

'I, or we, hereby hand G. O. Hollis Co. as agents the sum of $4,000.00 Equity 508 N. Bath Dollars ($4,000.00) to apply on the purchase price of the above described property, it being agreed and understood that in case of material legal defect in the title that cannot be cured, after filing with you written notice of such defect, the money deposited is to

be returned to me, or us, but in event of my, or our, failure to complete the deal in accordance with terms set out above then the money so deposited is to be retained as part payment for services and rent for failure to consummate deal.

"This contract is to be binding on the heirs, administrators, executors and assigns of the parties hereto.

"This deposit and offer is taken subject to approval of owner within 5 days. Deposit to be returned if not accepted.

"_____Witness /s/ Ella Mae Reece Purchaser

"_____Witness /s/ Dorothy M. Henrichs Purchaser

"June 23rd, 1962.

"Received from Mrs. Reece the sum of $4,000.00 Equity 508 N. Bath Okla. City, Okla. Dollars ($4,000.00) to apply on the purchase price of said property in accordance with the foregoing terms.

"_____

"By /s/ GG. O. Hollis G. O. Hollis

"_____, 19_____

"I, or we, owner of the above described property, accept the above offer, and agree to pay to _____

_____

a regular commission of _____ Dollars

"_____Witness /s/ Marvin Ellis Seller

"_____Witness _____ Seller"

---

When the foregoing cross-petition and counterclaim is liberally construed I am of the view that it alleges that the plaintiff, G. O. Hollis, had obtained a purchaser who accepted the property upon terms agreed upon by the defendant; and that if the plaintiff, real estate agent, had exercised care, skill, and diligence, in preparing the contract or in causing it to be so prepared, then the defendant would have had a valid contract for the sale of the land at $7,200.00 which could have been enforced.

In Mattieligh v. Poe, 57 Wash.2d 203, 356 P.2d 328, 94 A.L.R.2d 464, it was held:

"If a realty broker fails to exercise reasonable care and skill, he is liable to his client for the damages resulting from such failure."

"A broker may be held liable for damages if a contract he attempted to prepare for his client fails because of the broker's ignorance, stupidity, incompetence, negligence or fraud." See also, 12 C.J.S. Brokers § 26.

I find nothing in defendant's pleading which states that he, the defendant, abrogated his contract, or that he refused to sell upon the terms agreed upon. He alleged that "Ella Mae Reece cancelled and abrogated the written agreement"; and that "plaintiff, G. O. Hollis then cancelled and abrogated the agreement and wrote 'Void as G. O. Hollis'".

Defendant contends in his briefs that the written contract was so uncertain and ambiguous as to be unenforceable against the purchaser Ella Mae Reece. He invites attention to the fact he, defendant, did not own the minerals and that plaintiff prepared the contract without reserving the minerals; that the method of payment by the purchaser was indefinite and uncertain and did not specifically provide for cash, as agreed upon; that an oral contract or agreement

to convey real estate cannot be enforced, 15 O.S.1961, § 136(5), Merchants Southwest Transfer & Storage Company v. Hartford Accident & Indemnity Company, 146 Okl. 241, 292 P. 60; and that the written contract, though incapable of enforcement and compliance therewith, did have the effect of superseding the oral agreement. 15 O.S. 1961, § 137.

I believe when defendant's cross-petition and counterclaim is liberally construed it states a cause of action. I therefore respectfully dissent.