[No. 400-1.    Division One—Panel 2.    February 22, 1971.]

VALLEY GARAGE, INC., *et al.*, *Respondents*, v. CALMER A. NYSETH *et al.*, *Appellants*.

*Curran, Kleweno, Johnson & Curran, James P. Curran,* and *Stephen L. Johnson,* for appellants.

*Shellan, Pain, Stone & Swanson* and *Gerard M. Shellan,* for respondents.

FARRIS, J.—On October 10, 1966, Calmer A. Nyseth and Ellen M. Nyseth, his wife, agreed to lease a parcel of real property, 90 feet by 120 feet, to Valley Garage, Inc., franchise dealer for the Mercury Division, Ford Motor Company, and GMC trucks. Title to the property, located adjacent to Valley Garage in King County, was held by the Nyseths in fee simple.

Paragraph 6 of the lease instrument provided:

The Lessors do hereby grant to Robert L. Couture, and his wife or Lessees an option to purchase property herein mentioned on the following terms and conditions:

Robert L. Couture and his wife, or Lessees shall give written notice to the Lessors on or before August 31, 1973, of their desire to exercise their option. The price shall be a reasonable price representing the fair market value of the property as agreed by the parties hereto. If they can not agree, then each party hereto agrees to select a representative or appraiser and the two representatives or appraisers so selected shall appoint a third, the said three representatives to agree on a reasonable price and the parties hereto covenant and agree to be bound by this determination.

Mr. Couture, principal stockholder of Valley Garage and owner of properties adjacent to the subject premises negotiated the lease with the Nyseths. He gave written notice by

certified mail of his election to exercise the option to purchase on October 2, 1968. The Nyseths refused to sell. This lawsuit followed. The trial court ordered the Nyseths to convey the land to Couture, free and clear of encumbrances, for a cash payment of $35,620.25. The Nyseths appeal.

Appellants argue that the failure of the lease to indicate whether the sale would be cash or credit, who provides title insurance, if any, who pays the 1 per cent excise tax, whether the taxes were prorated, the date of possession, the time for performance and the disposition of encumbrances, if any, should defeat the action for specific performance. Further, the Nyseths argue that the lease agreement was a lease for a 7-year-period and the option, if valid, could only be exercised at the end of the 7-year-period. They also argue that there was no consideration from the Coutures for the option.

An option to purchase property is a contract wherein the owner, in return for valuable consideration, agrees that another party shall have the privilege of purchasing the property within a specified time and upon the terms and conditions expressed in the option. *Corinthian Corp. v. White & Bollard, Inc.*, 74 Wn.2d 50, 442 P.2d 950 (1968). Once the option is exercised, it becomes a contract of purchase and sale binding upon the parties.

We consider first whether the contract of purchase and sale was subject to specific performance. Although the parties could not be ordered to prepare and execute a real estate purchase contract (since this would require a further meeting of the minds), the contract contains the essential elements of a cash sale. It contains a description of the property subject to sale and a method for the determination of a price which may be specifically enforced. *Richardson v. Harkness*, 59 Wash. 474, 110 P. 9 (1910).

Appellant contends that the contract was too indefinite to support specific performance.

[A] greater degree of certainty is required for the specific performance than is necessary to establish a contract as

a basis of an action at law for damages. An agreement is, however, considered to be sufficiently definite and certain if its provisions are capable of being reduced to certainty or of being made certain by the aid of legal presumptions or evidence of established customs.

(Footnotes omitted.) 55 Am. Jur. 476 *Vendor and Purchaser* § 6 (1946). The indefinite provisions of the contract may all be rendered certain through reference to legal presumptions and established customs.

*Encumbrances.* In the absence of any provision in the contract indicating the character of the title provided for, it is presumed that the vendor of real estate will convey a good or marketable title to the purchaser. *Davis v. Lee,* 52 Wash. 330, 100 P. 752 (1909); *Hebb v. Severson,* 32 Wn.2d 159, 201 P.2d 156 (1948).

*Time of performance.* Where no time is specified in the option agreement for the final payment and delivery of the instruments of conveyance, the time of payment and delivery is a reasonable time after acceptance by the optionee. *Duprey v. Donahoe,* 52 Wn.2d 129, 323 P.2d 903 (1958).

*Payment of excise tax.* RCW 28A.45.080 expressly states that the payment of the excise tax is the obligation of the seller.

*Time for possession.* In absence of a stipulation to the contrary, the right of possession arises upon conveyance of the property. That is, right to possession is presumed to follow legal title. *Welch v. Hover-Schiffner Co.,* 75 Wash. 130, 134 P. 526 (1913); *Litel v. Marsh,* 33 Wn.2d 441, 206 P.2d 300 (1949).

■ With respect to the proration of real estate taxes and procurement of title insurance, these are matters of common knowledge in which there are established customs; the court may take judicial notice of such customs. *Ryer Grain Co. v. American Security Bank,* 147 Wash. 42, 264 P. 1000 (1928); 5 Meisenholder, Washington Practice, § 592 (1965).

The contract is specifically enforceable. The agreement

contains no provision restricting the time in which the option may be exercised. The agreement specifically provides that notice of exercise may be given *on or before* August 31, 1973. The optionees could therefore elect to exercise the option at any time during the duration of the lease agreement.

■ The grant of the option by the Nyseths to the Coutures and lessees was part of the basis of the bargain for entering into the contract. It is not required that consideration flow from the Coutures individually to the Nyseths.

It is not essential that the consideration move directly from the promisee. It is sufficient if it moves from a third person. Generally, if consideration is sufficient in other respects, it does not matter from whom the consideration moves. It may move from a third person as well as from the promisee.

*John Davis & Co. v. Cedar Glen # Four, Inc.,* 75 Wn.2d 214, 222, 450 P.2d 166 (1969).

■ The record supports the trial court's finding that proper notice was given to appellants informing them of the Coutures' election to exercise the option. It will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *O'Byrne v. Spokane,* 67 Wn.2d 132, 406 P.2d 595 (1965).

We find no error. Judgment affirmed.

JAMES and SWANSON, JJ., concur.