[No. 8836–0–I.   Division One.   June 7, 1982.]

RONALD McRAE, ET AL, *Respondents,* v. MORRIS
E. BOLSTAD, ET AL, *Appellants.*

*Davis, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, John Kouklis, Dolack, Hansler, Hulscher, Burrows, Dayhoff & Barline,* and *Richard Dolack,* for appellants.

*James Caraher,* for respondents.

WILLIAMS, J.—This appeal from a judgment on a verdict of violation of the Consumer Protection Act and fraudulent misrepresentation in the sale of residential real estate raises issues concerning the applicability of the Consumer Protection Act, RCW 19.86.010 *et seq.,* to conduct governed by the real estate brokers and salesmen act, RCW 18.85.010 *et seq.,* the propriety of numerous jury instructions and the award of attorney's fees.

The facts are these: In November 1977, Nick Mazza of Crescent Realty, Inc. undertook the representation of Morris E. and Donna Mae Bolstad in the sale of their home. At the time the listing agreement was signed, Mazza asked if there was anything wrong with the property and was told that there was not. Actually, the Bolstads had been having problems with their neighbors' sewage spilling on the property and Mazza knew, through a previous sale of the premises, that there were drainage and sewage problems.

On November 30, 1977, Ronald and Nicholette McRae agreed in writing to buy the property and took possession on January 30, 1978. By that time the McRaes had found water standing on the front lawn and a musty smell in the backyard but did not know of the past experiences of sewage coming from the neighbors' property. The deed and allied papers were signed on February 3, and the deed was recorded on February 7. Subsequently, septic efflux was discovered in the backyard and, on February 10, the toilets in the house erupted with raw sewage.

The cause was tried to the court sitting with a jury on allegations of violation of the Consumer Protection Act and fraudulent misrepresentation. The jury returned a verdict

in favor of the McRaes for $20,000 and the court allowed reasonable attorney's fees.

In their respective briefs, appellants Mazza and Crescent Realty, Inc., make eight assignments of error and the Bolstads make five. For facility or organization, the assignments have been consolidated.

Assignment of error 1: The court erred in failing to dismiss plaintiffs' claim against Crescent and Mazza under the Consumer Protection Act.

It is argued that the Consumer Protection Act does not apply to Mazza's conduct in the sale of the real estate because there was no showing that any act or practice by Mazza affected the public interest. We disagree.

The Consumer Protection Act applies to private contracts that affect the public interest. *Anhold v. Daniels,* 94 Wn.2d 40, 614 P.2d 184 (1980); *Lightfoot v. MacDonald,* 86 Wn.2d 331, 544 P.2d 88 (1976). Examination of the regulatory and licensing scheme of the real estate brokers and salesmen act, under RCW Title 18, shows the welfare of the general public is implicated by the primary purpose of the act; to promote a minimum standard of conduct for those engaged in the business of real estate in the capacity of a fiduciary. *Nuttall v. Dowell,* 31 Wn. App. 98, 108, 639 P.2d 832 (1982); *Wilkinson v. Smith,* 31 Wn. App. 1, 10, 639 P.2d 768 (1982). Such heavy regulation of the real estate industry for the purpose of protecting people from negligent, unscrupulous or dishonest real estate brokers denotes that Mazza's failure to disclose the water conditions of the real property affected the public interest. The court correctly applied the Consumer Protection Act to this transaction.

Assignment of error 2: The court erred instructing the jury under the Consumer Protection Act.

It is argued that the court incorrectly defined "unfair or deceptive act" as a basis for liability.

An unfair or deceptive act is one which is unlawful and against public policy as declared by the Legislature or judiciary. *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d

355, 581 P.2d 1349 (1978). The Legislature has specifically prohibited negligent or knowing misrepresentation. RCW 18.85.230.[1] Washington case law imposes liability when a real estate broker fails to disclose matters within one's knowledge where there is a duty to speak. *See Boonstra v. Stevens–Norton, Inc.*, 64 Wn.2d 621, 625, 393 P.2d 287 (1964). *See also* Restatement (Second) of Torts § 551 (1977). The court's instructions when taken as a whole adequately define the terms "unfair or deceptive act" in the context of legislative mandate and judicial law. *See Braxton v. Rotec Indus., Inc.*, 30 Wn. App. 221, 633 P.2d 897 (1981).

Assignment of error 3: The trial court erred instructing the jury on fraudulent misrepresentation.

It is argued that the court's instruction eliminated some common law elements of fraud.

█ In the sale of real estate, a broker or seller has a

---

[1] "Denial, revocation, suspension of licenses—Grounds. The director may . . . investigate the actions of any person engaged in the business or acting in the capacity of a real estate broker, . . . and may temporarily suspend or permanently revoke or deny the license of any holder who is guilty of:

". . .

"(4) Making, printing, publishing, distributing, or causing, authorizing, or knowingly permitting the making, printing, publication or distribution of false statements . . . of such character as to reasonably induce any person to act thereon, if the statements . . . purport to be made or to be performed by either the licensee or his principal and the licensee then knew or, by the exercise of reasonable care and inquiry, could have known, of the falsity of the statements . . .

"(5) Knowingly committing, or being a party to, any material fraud, misrepresentation, concealment, conspiracy, collusion, trick, scheme or device whereby any other person lawfully relies upon the word, representation or conduct of the licensee;

". . .

"(10) Committing any act of fraudulent or dishonest dealing or a crime involving moral turpitude, and a certified copy of the final holding of any court of competent jurisdiction in such matter shall be conclusive evidence in any hearing under this chapter;

". . .

"(25) In the case of a broker licensee, failing to exercise adequate supervision over the activities of his licensed associate brokers and salesmen within the scope of this 1972 amendatory act;

"(26) Any conduct in a real estate transaction which demonstrates bad faith, dishonesty, untrustworthiness or incompetency;"

duty to disclose all material facts not reasonably ascertainable to the buyer. *See Alexander Myers & Co. v. Hopke,* 88 Wn.2d 449, 565 P.2d 80 (1977). Failure to disclose a material fact, where there is a duty to disclose, is fraudulent. *Obde v. Schlemeyer,* 56 Wn.2d 449, 353 P.2d 672 (1960). Furthermore, purchasers of property have a right to rely on the sellers' and their agents' representations. *Dixon v. MacGillivray,* 29 Wn.2d 30, 185 P.2d 109 (1947). Instructions 9 and 10 adequately cover these essential elements of fraud.

Assignment of error 4: The trial court erred instructing the jury on the standard of professional conduct to be met by real estate brokers.

It is argued that instruction 6 purports to place an affirmative duty to use care to ascertain the condition of real property before listing it and, it is further argued, that no testimony established the standard by which to judge Mazza's use of reasonable care.

Court's instruction 12 properly states that a real estate broker must exercise that degree of care that a reasonably prudent real estate broker would use under all the circumstances. *See Mattieligh v. Poe,* 57 Wn.2d 203, 205, 356 P.2d 328, 94 A.L.R.2d 464 (1960); *First Church of Open Bible v. Cline J. Dunton Realty, Inc.,* 19 Wn. App. 275, 574 P.2d 1211 (1978). Testimony at trial by Mazza, himself, established this standard of care from which the jury could evaluate his conduct and impose liability for fraud because of the breach of duty to disclose a material fact.

Assignment of error 5: The court erred instructing the jury under Verdict Form A which did not require a special finding of proximate cause.

It is argued that the judgment is not supported unless the jury specially found that Mazza's conduct was a proximate cause of the damage.

Instruction 14 states in pertinent part:

If your verdict is for the plaintiffs, then you must determine the amount of money which will reasonably and fairly compensate the plaintiffs for such damages as

you find were proximately caused by the statements of the defendant(s).

And instruction 7 states:

The term proximate cause means a cause which in a direct sequence, unbroken by any new independent cause, produces the event complained of and without which such event would not have happened.

There may be more than one proximate cause.

The court properly instructed the jury on proximate cause.

Assignment of error 6: The court erred instructing the jury that plaintiffs could not withdraw from the transaction without incurring legal liability.

It is argued that McRaes should have or could have withdrawn. This argument does not take into account that the McRaes had no actual knowledge of the fraud prior to the closing. The court properly directed a verdict that the McRaes were legally bound by the contract because all conditions precedent were performed before they had actual knowledge of the fraud.

Assignment of error 7: The court erred instructing the jury on damages recoverable for mental suffering.

It is argued that damages for mental suffering are not compensable because there was no showing of physical harm or impact.

When the plaintiff seeks to recover general damages caused by misrepresentation, the measure of damages is the "benefit of bargain." *McInnis & Co. v. Western Tractor & Equip. Co.*, 63 Wn.2d 652, 388 P.2d 562 (1964). When he seeks to recover damages not inherent in the "benefit of bargain" rule, he will be awarded damages for all losses proximately caused by the defendant's fraud. *Salter v. Heiser*, 39 Wn.2d 826, 239 P.2d 327 (1951). Mental suffering, to be compensable, must be manifested by objective symptoms though actual physical impact need not be shown. *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 577 P.2d 580 (1978).

The trial court noted objective symptoms:

This is a case in which the plaintiffs are entitled to

recover for [mental suffering] because of the sewage involved, the septic tank problem in the house. That's a direct threat to the health of the family, and water under the house is enough to call mental distress, . . .

The instruction properly entitled McRaes to recover for mental suffering.

Assignment of error 8: The trial court erred awarding attorney's fees.

It is argued that imposition of attorney's fees was improper because there was no consumer protection violation. To the contrary, there was a consumer protection violation and the court's award of reasonable fees was proper under RCW 19.86.090.

Further, McRaes' request for reasonable attorney's fees and costs on appeal as authorized as a foreseeable cost of litigation should be granted. Costs and attorney's fees should be calculated under the same formulation as made by the trial court and likewise allocated among the defendants, Mazza and Crescent Realty.

The trial court's judgment is affirmed and the cause remanded for a determination of appropriate costs and reasonable attorney's fees on appeal.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied August 18 and September 13, 1982.

Review granted by Supreme Court January 7, 1983.