[No. 4862.  Decided June 20, 1904.]

WESLEY DAVIS *et al., Respondents,* v. TACOMA RAILWAY
AND POWER COMPANY *et al., Appellants.*[1]

APPEAL—NOTICE—SERVICE ON CO-PARTIES—DISMISSAL.  An ap-
peal by one of two joint wrongdoers from a judgment against
both of them must be dismissed where no notice of appeal
was served upon the co-party, and no joinder was made in the
subsequent appeal of such co-party.

TORTS — PERSONAL INDIGNITIES — DEFAMATION OF CHARACTER—
PUBLIC RESORTS—RIGHT TO REMAIN AT—DAMAGES FOR EXCLUDING
FROM—WORDS NOT ACTIONABLE PER SE.  Any person not belong-
ing to a proscribed class who goes to a public pleasure resort
or park, and is not guilty of improper conduct, may recover for
personal indignities inflicted by an employe of the parties own-
ing and in charge of the place, in being publicly ordered out
in an insulting manner as an unfit and improper person, with-
out showing that the language used was actionable *per se*, if
any special damages were suffered.

SAME—MALICE OR WILFUL CONDUCT.  In such a case, it is not
necessary for the plaintiff to show malice or a wanton or wilful
wrong in order to recover actual damages, the same being
material only to enhance the damages.

SAME—MEASURE OF DAMAGES—MENTAL SUFFERING IRRESPECTIVE
OF BODILY INJURY.  A wrong having been committed by the
defendant in ordering the plaintiff out of a public park where
she had a right to be, it is proper to instruct that the jury,
in estimating the damages, may consider the plaintiff's mental
suffering, even though no bodily injury was inflicted.

SAME — DAMAGES — EXCESSIVE VERDICT DUE TO PASSION OR
PREJUDICE.  In an action for personal indignities inflicted upon
the plaintiff in being ordered from a public resort as a dis-
reputable woman, in which it appears that it was due to a
mistake of the defendant's employe, who immediately apolo-
gized therefor, and the defendant also openly apologized for the
mistake, and the evidence showing actual damages is very
meager, a verdict for the sum of $750 is not warranted, and is
clearly the result of passion and prejudice, requiring a reversal.

[1]Reported in 77 Pac. 209.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 21, 1903, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, for $750 damages by reason of personal indignities inflicted in ordering plaintiff from a public resort. Reversed.

*B. S. Grosscup* and *A. G. Avery,* for appellant Tacoma Railway and Power Co.

*Frank S. Carroll,* for appellants Shreeder et al.

*John C. Stallcup, J. W. A. Nichols,* and *Albert E. Joab,* for respondents.

FULLERTON, C. J.—This is an action for damages. The respondents, who were plaintiffs below, alleged in their complaint, that the appellant railway company was, in the year 1902, operating a line of street railway from the city of Tacoma to Spanaway Lake; that, for the purpose of increasing its passenger business, it had acquired certain lands at the lake named, which it had made into an attractive park, or place of resort, and had placed the appellants Shreeder & Green in charge thereof; that, on June 8th of the year named, the respondents, attracted by the announcements for that particular day, visited the park, where the wrong occurred of which they complain. This wrong is thus described in the complaint:

"That these plaintiffs, seeing said advertisement, procured tickets and took their seats in one of the cars of said defendant railway company and were thereby conveyed to said park on said day, arriving there a few minutes after nine o'clock in the evening; that the cars and the park were covered with people, and music and other attractions were there, for the entertainment of the visitors; that, a very few minutes after alighting from the car, upon said grounds, and while plaintiffs were quietly viewing the at-

tractions then upon the said park grounds of said defendants, one Charles W. Cromwell, an employe of said defendants in charge of said grounds, approached the plaintiff Lenora Davis, and, after staring her in the face in a rude and insolent manner, seized her by the arm in a rough, brutal, and insulting manner, and, in a loud tone of voice, in the presence and hearing of a large group of people, said to this plaintiff Lenora Davis: 'You must leave these grounds. You can take the next car, coming in, or going out. You are not allowed on these grounds,' at the same time exhibiting a metallic star or badge, and claiming to be an officer and a deputy, attracting the attention of a large number of people to said plaintiff, meaning and imputing, by his words and action, that said plaintiff Lenora Davis was a lewd and base woman, unfit to be or remain upon said grounds; that she, the said plaintiff, is of the age of twenty-seven years, has always conducted herself as a lady of refinement and respectability, and has never at any other time been charged with anything derogatory to her good name, character, and reputation, always having enjoyed a good and spotless name and the high esteem of all her acquaintances; that she was then and there so dazed, shocked, humiliated, insulted, and wounded in her feelings, by said words and actions of said Cromwell, that she became faint and sick and could scarcely remain standing, and has not yet recovered in physical health, nor from the great mental anguish and wounded feelings, resulting from such treat-. ment; that the defendant Green was upon the said grounds, at the time, and directed the said Cromwell to order the said plaintiff off the said grounds, and aided and participated in said violent and unjust treatment of said plaintiff."

Damages were demanded in the sum of $5,000. Issue was joined on the complaint, the defendant railway company and the defendants Shreeder & Green appearing separately, and by different counsel. On the issues made a trial was had before a jury, resulting in a verdict and judgment against all of the defendants for the sum of $750.

The evidence introduced at the trial did not support the complaint in all of its particulars. It appears that the managers of the park, desiring to keep the place suitable as a place of resort for respectable people, had employed one Cromwell to warn off of the grounds all persons whose conduct, demeanor, or dress marked them as belonging to, or being associated with, the criminal or vicious classes; that Cromwell had been informed that such a person had entered the ground and had taken a certain direction, whereupon he went in the direction indicated, and finding no other woman there, mistook Mrs. Davis for the person meant, and addressed her, asking her to leave the grounds; that he discovered his mistake almost immediately, and apologized to her and her husband for so accosting her. He also called the attention of the railway company's manager to his mistake, who likewise openly apologized to them therefor. The evidence discloses clearly that there was nothing wilful or malicious in the action of the employe. It was a mistake simply, and one that was atoned for by the employe and the manager of the railway company, who was present, in the only manner then possible.

Notice of appeal was first given by Shreeder & Green, and afterwards by the railway company. The respondents move to dismiss the appeal of Shreeder & Green for the reason that they did not serve their notice of appeal on their co-defendant, the railway company, nor join in the appeal of the railway company, when appeal was taken by it. This motion must be granted. Under the statute a notice of appeal, to be effectual, must be served on all of the parties who have appeared in the action, and who do not join in the notice of appeal. This was not done in this case. The appeal of the defendants Shreeder & Green is therefore dismissed.

The appellant railway company insists that, if any actionable wrong is stated in the complaint at all, it is an action for defamation of character, and that the proofs are insufficient to support a recovery for that wrong, because there was no publication of the defamatory matter, and because, further, the words alleged and proved to have been spoken are not actionable *per se,* and no special damages were proved to have been suffered because of them. But whether this may be called an action for defamation of character, for insult, or for personal indignities, or by some other name, we are clear that an actionable wrong was both alleged and proven. Every person not belonging to a proscribed class has a right to go to any public place, or visit a resort where the public generally are invited, and to remain there, during all proper hours, free from molestation by any one, so long as he conducts himself in a decorous and orderly manner. This right to freedom from molestation extends not only to freedom from actual violence, but to freedom from insult, personal indignities, or acts which subject him to humiliation and disgrace, and any one guilty of violating any of these rights is liable in all cases for the actual damages suffered therefrom by the injured person. It matters not whether the wrong be one of pure negligence, or a wanton and wilful wrong, an action will lie for the actual damages suffered. Actual malice, or wanton and wilful conduct, on the part of the wrongdoer, is material only on the question of punitive or exemplary damages, and must be shown in order to recover such damages, but the injured person may recover actual or compensatory damages regardless of whether there was any actual malice or intent to commit a wrong on the part of the other. When the employe of the appellant ordered Mrs. Davis from the grounds in question, he committed a wrong for

which she is entitled to recover for any actual damages suffered. If it were true that the company had the right to exclude from these grounds persons whose conduct, dress, or demeanor generally proclaimed them to be, or whom it knew to be, members of a class with whom decent people do not associate, this fact would not exempt it from liability for a mistake it made in the effort to exercise that right. An actual voluntary injury must be compensated for by the person who commits the injury, no matter how innocent he may be of intentional wrong.

It is unnecessary, therefore, to inquire whether the words spoken at the time were of themselves defamatory, or whether they were published, in the legal sense of the term, as the words spoken were not of themselves the basic wrong. The wrong consisted of the act itself, of the violation of a right of the plaintiff, and the manner in which the act was done and the words spoken are material only on the question of the amount of damages. If the conduct of the employe was rude and insolent, if his tone was loud and boisterous, if the words spoken were indecent or profane, or if a number of people were witnesses to the transaction, the insult, indignity, humiliation, and disgrace felt by the injured person would be much greater than it would be if the conduct of the party and the situation were the opposite of these. While the act partakes of the nature of defamation of character, it has in it, in addition, some of the elements of an assault, although strictly speaking it is neither. It must not be understood, however, that we hold mere words of common abuse actionable *per se*. They are not so unless a special injury be shown. But, if an actionable wrong is otherwise committed, it can be shown that it was accompanied with words of common abuse, to enhance the damages.

The court instructed the jury that they were not limited to the actual physical injuries suffered by the person injured, but might take into consideration her sense of wrong, feeling of humiliation, disgrace, and mental suffering, in estimating her damages. The appellant assigns error on this instruction, contending that mental suffering, apart from a physical injury, is not an element of damages. The rule, however, is not so broad as this. It is probably true that no court has allowed a recovery for mental suffering, even though it resulted in a bodily injury, where the defendant has been guilty of no wrongful act as against the person seeking the recovery. If, for example, a person passing along a public street should be forced to witness an injury inflicted upon the person of another by the negligence of a third person, there could be no recovery by the first against the third, even though the shock, caused by the horror of the sight, produced such mental suffering as to materially affect the health of the first person. But, when the mental suffering is the result of some wrongful act against the sufferer, even though there may be no actual physical injury, this court has held, and the courts generally hold, that such mental suffering may be taken into consideration in assessing the damages for the wrong. *Wilson v. Northern Pac. R. Co.,* 5 Wash. 621, 32 Pac. 468, 34 Pac. 146; *Gray v. Washington Water Power Co.,* 30 Wash. 665, 71 Pac. 206. See, also, Voorhies, Measure of Damages, §§ 97, 98, and cases cited. Furthermore, mental suffering on the part of the person wronged has always been held a proper subject for consideration in estimating damages in an action for slander or libel, and the principle which allows such damages in cases of that character applies with all its force to a case of this kind. We do not think the court erred in giving the instruction complained of.

What we have said covers the exceptions to the purely
legal phases of the case, but the appellant complains, and
we think justly, that the verdict is so grossly disproportion-
ate to the injury proven as to show that it was the result of
passion and prejudice on the part of the jury, and not the
result of a consideration of the evidence. The evidence going
to show actual damages was meager indeed. As we view it,
it showed but little more than a bare violation of a technical
legal right, which caused a momentary annoyance to the re-
spondents. But giving them the benefit of all doubts, and
making a liberal allowance for the mental suffering the
injured respondent testified that she had been subjected to
because of the wrongful act of the respondent, we can find
no warrant for the verdict of the jury. It seems clearly to
have been the result of passion and prejudice. The judg-
ment will be reversed as to the respondent the Tacoma Rail-
way and Power Company, and a new trial awarded as to it.

MOUNT, HADLEY, DUNBAR, and ANDERS, JJ., concur.