[No. 5917. Decided March 10, 1906.]

D. P. McCLURE et al., Respondents, v. J. A. CAMPBELL et al., Appellants.[1]

LANDLORD AND TENANT—WRONGFUL EVICTION—JOINDER OF CAUSES OF ACTION. In an action for wrongful eviction, it is proper to join causes of actions for property destroyed and for other property converted to the use of the defendant, where the same arise out of the same wrongful act.

SAME—DAMAGES—MENTAL SUFFERING. In an action for wrongful eviction, damages for mental suffering may be recovered as the natural and probable consequences of the wrong, where it appears that one of the plaintiffs was in a delicate condition, that the doors and the walls of their rooms were torn down, their goods removed into the street, and they had no place to go and were humiliated and suffered mental anguish (FULLERTON, J., dissenting).

DAMAGES — EXCESSIVE VERDICT FOR WRONGFUL EVICTION — MENTAL ANGUISH. A verdict in the sum of $2,000 for loss and damage to goods and mental anguish from a wrongful eviction is excessive, and should be reduced to $1,000, where the trial court found that the same was excessive, and where the damage to the goods did not exceed $740, and it appears that most of the distress of the plaintiffs arose from the loss to the property, which remained in the street, guarded by them, for one night, and they suffered slight inconvenience for only a few days.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 19, 1905, upon the verdict of a jury rendered in favor of the plaintiffs in the sum of $2,000 in an action to recover damages for a wrongful eviction. Affirmed upon condition of remitting $1,000.

*Hastings & Stedman,* for appellants.
*Richard Gowan,* for respondents.

MOUNT, C. J.—Action for damages for wrongful eviction. Plaintiffs recovered a judgment below. Defendants appeal. The complaint alleges, in substance, that on October 3, 1900, plaintiffs were in the quiet and peaceable possession of

[1]Reported in 84 Pac. 825.

the second and third floors of a certain building in Seattle, and were using said floors for lodging house purposes; that on said day the defendants, wrongfully and unlawfully and by force, entered said building and expelled plaintiffs therefrom, and commenced to, and did, tear down the partitions and walls of the rooms occupied by plaintiffs, and damaged plaintiffs' furniture and destroyed plaintiffs' business, and greatly humiliated the plaintiffs, who were made to suffer great mental anguish. Damages were alleged at $500 for injury to furniture, $1,200 for loss of business, and $3,000 for mental anguish. A second cause of action was stated, to the effect that plaintiffs owned certain electric and water fixtures placed in said building temporarily, and that defendants, at the time stated in the first cause of action, unlawfully entered and destroyed the rooms occupied by plaintiffs, and converted said fixtures to their own use, to plaintiffs' damage in the sum of $200. The defendants demurred to the complaint on the ground that two causes of action were improperly united. This demurrer being overruled, defendants answered, denying generally the allegations of the complaint, and alleged two affirmative defenses: (1) That prior to September, 1900, the premises were occupied by one Madge Snodgrass, by a tenancy from month to month, and that said Madge Snodgrass was given notice terminating her tenancy at the expiration of the month of October, 1900; that in the month of September said Madge Snodgrass sold to plaintiffs all her furniture and fixtures and delivered possession of the premises to plaintiffs, and that thereafter plaintiffs brought an action and recovered damages against said Madge Snodgrass for the injury complained of in this action; (2) that the action was not commenced within the time required by law; and the third defense was to the effect that plaintiffs voluntarily vacated and surrendered the premises in consideration of the release of rent due. Plaintiffs, by a reply, denied the new matter contained in the answer. Upon these

issues the case was tried to the court and a jury, which returned a verdict for the plaintiffs in the sum of $2,000.

Appellants first assign error of the trial court in overruling their demurrer to the complaint, because they claim a cause of action for injury to property cannot be joined with one for conversion of property. The statute provides that the plaintiff may unite several causes of action when they arise out of injury with or without force to the property. Bal. Code, § 4942. The complaint in this case alleges that, by the same act, the defendants injured certain property and destroyed and converted to their own use certain other property. Under the facts stated in the complaint, it was not necessary to state the damages in separate causes of action; but, having done so, the complaint was not demurrable on this ground, because the injuries arose out of the same cause, viz., injury to property by force. The fact that some of the property was only injured, while other was taken or destroyed by the same wrongful act, did not create separate causes of action which could not be joined. *McCorkle v. Mallory,* 30 Wash. 632, 71 Pac. 186.

After plaintiffs had testified that they were peaceably in possession of the rooms, that the defendants with a number of men came and tore out the stairway, removed the toilets, shut off the water, and over the protest and objection of plaintiffs, broke down the doors to the rooms, knocked holes in the plastering, and tore down the walls, scattering plastering and dirt and dust all over plaintiffs' furniture, and removed a part of the furniture into the street so that plaintiffs and their families could not longer remain in the said rooms—the court permitted one of the plaintiffs to testify that his wife, who was living in the rooms, was about five months along in a family way, and that, by reason thereof and because plaintiffs had no place to go, they were humiliated and suffered much mental anguish. The wife was also permitted to testify to the same facts. The court instructed the

jury that they could only consider this evidence for the purpose of showing the effect upon the minds of the plaintiffs, and not for the purpose of showing injury to the wife. Appellants contend that the reception of this evidence was error.

"As a general rule, there may be no recovery for injuries to the feelings in cases of torts to property. . . . The reason of this is believed to be because mental distress is not, in general, a natural and probable consequence of torts to property. So where the manner of commission of a tort to property is such as naturally to cause mental suffering, there can, it seems, be a recovery in damages therefor. 8 Am. & Eng. Ency. Law (2d ed.), 671.

See, also, 2 Greenleaf, Evidence (14th ed.), p. 287; *Fort Worth etc. R. Co. v. Smith* (Tex. Civ. App.), 25 S. W. 1032; *Moyer v. Gordon,* 113 Ind. 282, 14 N. E. 476; *Fillebrown v. Hoar,* 124 Mass. 580. We think the rule above stated and followed in the cases cited is correct, and that, under the circumstances testified to in this case, it was not error to receive the evidence.

Appellants allege error of the court in giving several instructions. The objections to the instructions are wholly without merit, and we are convinced are not seriously made by the appellants, and we shall therefore not discuss them. We have examined the instructions given by the court and find that they were fair, and clearly and correctly gave the law to the jury.

The principal contention of appellants in the case is that the verdict of the jury is excessive. There is merit in this contention. When a motion for a new trial was made, upon the ground that the verdict was excessive, and other grounds, the trial court, in ruling upon the motion, stated that in his opinion the verdict was execessive, but imposed upon defendants, as a condition for a reduction of the amount of the verdict, that they should accept the amount fixed by the court and abide by it and not appeal therefrom. The reason given for such course by the court was that, if the trial court should

make a mistake in reducing the verdict, the supreme court could not raise it; but if the trial court should make a mistake in not reducing the verdict, the supreme court had the power to reduce it, and for that reason refused to reduce the verdict or to grant a new trial, but entered judgment on the verdict for $2,000, the full amount of it.

Aside from the fact that the trial court concluded that the verdict was excessive, it is clearly so under the evidence offered by the plaintiffs. The damage to the furniture was alleged at $500; there was evidence that the furniture was damaged in that amount. The loss of profits to the business could not have been more than $200, under the instructions of the court, and we doubt if any amount was proved upon this item. The cost of the items of light and water fixtures when put in was stated to have been thirty or forty dollars. The damage for these items could not have been greater than that amount. The balance of the verdict must, therefore, have been for humiliation and mental anguish. Upon this question the evidence shows that a part of the plaintiffs' furniture remained upon the sidewalk for one night, where plaintiffs guarded it; that the plaintiffs and their families were immediately taken into an adjoining rooming house, and suffered slight inconvenience for only a few days. The evidence shows that the mental anguish from which plaintiffs suffered arose from the fact that they had purchased the furniture and good will of the lodging house on September 19, 1900, for $1,700, and on October 3, 1900, the building was taken from them, and they thereupon concluded that the $1,700 paid for the furniture was a total loss to them. They were most distressed on this account. But they probably suffered some distress of mind by reason of the manner in which defendants took possession of the building and put them out. But giving the plaintiffs the full amount for which they could possibly have recovered for the items of property taken and damaged, the amount would be $740. One thou-

sand dollars is a most liberal amount for damages to the plaintiffs, including distress of mind. A judgment for $2,000 is out of all reason. The trial court should have reduced the verdict or granted a new trial.

The cause is remanded, with direction to the lower court to grant a new trial, unless respondents remit $1,000 from the verdict within thirty days after the remittitur from this court is filed below; appellants to recover costs of this appeal.

Root, Dunbar, Hadley, and Crow, JJ., concur.

Fullerton, J., (dissenting)—I am of the opinion that this does not belong to that class of cases where recovery should be allowed for mental anguish. I therefore think the judgment should be reversed and a new trial granted.