[No. 11074.  Department Two.  July 12, 1913.]

KATHRINA NORDGREN, *Respondent*, v. JOHN LAWRENCE, *Appellant*.[1]

LANDLORD AND TENANT—ACTIONS—PLEADING—VARIANCE—MATERIALITY. In an action against a landlord, it is an immaterial variance, if any, that the complaint alleged that plaintiff was "seised and possessed and entitled to the possession" of premises, and the proof showed that she was a tenant from month to month, where the defendant knew the character of the possession.

LANDLORD AND TENANT—LEASE—TERMINATION. A tenancy from month to month is not terminated on the 28th of August, where the lease was made June 11th at which time it was not known when the tenancy would begin, the receipt for rent deposited recited that the rent was to commence about the 28th of the month, and the tenant moved in July 3d, and had fully paid for the second month.

[1]Reported in 133 Pac. 436.

LANDLORD AND TENANT—DAMAGES—ACTIONS—REMEDIES BY TEN-
ANT. An action for damages against a landlord who unlawfully en-
tered the premises before the termination of the tenancy and made a
general nuisance of himself need not be brought under the unlawful
detainer statute.

DAMAGES—MENTAL SUFFERING. Recovery may be had for mental
suffering which was the result of the wrongful acts of the defendant
in an unlawful entry upon plaintiff's premises, although there was
no actual physical injury.

LANDLORD AND TENANT—DAMAGES—EXCESSIVE VERDICT — MENTAL
SUFFERING. A verdict for $1,000 damages is excessive, and should
be reduced to $500, where plaintiff, who was ill, was greatly dis-
turbed and frightened when the defendant, her landlord, unlawfully
forced an entrance into the house early in the morning, and made
a general nuisance of himself until late in the afternoon, her fright
was only temporary, and her illness not augmented.

Appeal from a judgment of the superior court for King
county, Everett Smith, J., entered November 6, 1912, upon
the verdict of a jury rendered in favor of the plaintiff for
$1,000, in an action in tort. Reversed, unless $500 is remit-
ted.

*Frank E. Green*, for appellant.
*Thos. H. Bain*, for respondent.

MORRIS, J.—Respondent brought this action to recover
damages suffered by her because of certain acts of appellant
while with her family she was occupying a furnished house
belonging to appellant. The pertinent facts are these:

Respondent and her family had occupied the house since
July 3d, as a tenant from month to month. On August 26,
appellant was informed that respondent would not occupy
the house the third month. About eight o'clock on the morn-
ing of August 28, appellant, by the use of a ladder, climbed
upon a back porch extending out from the second story, and
forced open a door leading from the porch into a bedroom
then occupied by a daughter of respondent, who had just
risen and was not yet dressed. This daughter, whose age
is not given, ran to the room of an older sister, who came

and ordered appellant out of the room. He left, and the door was shut and locked. Appellant then effected an entrance into the room through a window, and took the door from its hinges. He then went through the house and attempted to enter the bedroom occupied by the respondent, but was prevented from doing so by other members of the family. Appellant then proceeded to make a general nuisance of himself, entering all the rooms into which he could gain entrance, opening cupboards and closets, removing electric light bulbs, turning off the water and gas, and creating a general disturbance until about five o'clock, when he left at the suggestion of a police officer. At the time, respondent was in ill health and was greatly. disturbed by these acts of appellant until sometime in the afternoon, when she was taken from the house. She subsequently brought this action, in which she obtained a verdict for one thousand dollars; and appellant, alleging various errors, appeals.

Appellant first complains that certain instructions to the jury were erroneous. He contents himself with alleging error, but points out no vice in the instructions, nor reason why his claim of error should be sustained. Having read them, no suggestion presents itself to our mind why they should be held erroneous, and they are sustained.

It is next contended that the action should have been dismissed because of a variance between the amended complaint and the proof. The amended complaint alleged the respondent was "seised and possessed and entitled to the possession of said house and premises." The proof showed a tenancy from month to month. While the word "seised" is ordinarily used to express the owner's possession of a freehold estate, we fail to see how the appellant could be misled by this allegation. He certainly knew the character of respondent's possession of the premises, and the variance complained of in the pleading could not have misled him in maintaining his defense. If we assume there was a variance, it was not material. Rem. & Bal. Code, § 299 (P. C. 81 § 287).

It is next contended that the tenancy had expired. We think not. When the premises were first rented on June 11, it was not known what time the tenancy would commence. The receipt for the rent deposited reads, "rent to commence about the 28th of this month." Respondent moved in on July 3d. The rent was fully paid, and there can be no doubt but that respondent was in lawful possession of the premises on August 28th.

The next contention is, that the action should have been brought under the forcible entry and detainer statute. There is no merit in this contention and no discussion of it is necessary.

The next assignment is that there was no proof of damages, and that there could be no recovery for respondent's mental distress. Whether or not an action will lie for mental distress alone, when unaccompanied by injury to person or property, need not here be discussed. Such a question is not present in this case. In this state mental suffering may be taken into consideration in assessing damages, where the same is a result of a wrongful act, even though there be no actual physical injury. *Willson v. Northern Pac. R. Co.*, 5 Wash. 621, 32 Pac. 468, 34 Pac. 146; *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802.

Other assignments are the denial of judgment and motion for new trial. There was no error in denying the motion for judgment. The motion for new trial included, among other questions, a claim that the verdict was excessive, thus presenting that question here. In discussing this assignment, no reference need be made to the reprehensible conduct of appellant. It speaks for itself. In this state, however, vindictive damages are not allowed; and upon this assignment of error we must look to the nature of the injury suffered by respondent to determine whether or not more than compensatory damages have been allowed. Respondent was in ill health at the time, and the only thing she complains of as a result of appellant's actions is that she was greatly disturbed

and frightened.   There is no evidence that her illness was augmented as a result of appellant's actions, or that her disturbance and fright was more than temporary, and much as appellant deserves censure for his conduct while in the house occupied as it was only by women and a young lad, the jury could not visit that censure upon him except as they could determine the amount of damages that would compensate respondent.   We think $500 is ample compensation for the injury to respondent.

The judgment is reversed, and if within thirty days from the going down of the remittitur, respondent shall accept judgment for $500, the judgment so entered will stand; otherwise a new trial is ordered.   No costs to either party in this court.

ELLIS, FULLERTON, and MAIN, JJ., concur.