[No. 52442–4.   En Banc.   October 9, 1986.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
IN
JANIS CAGLE, *Plaintiff,* v. BURNS AND ROE, INC.,
*Defendant.*

*Scott L. Schmidtman* (of *Velikanje, Moore & Shore, Inc., P.S.*), for plaintiff.

*Perkins Coie*, by *H. Weston Foss* and *Michael F. Mogan*, for defendant.

PEARSON, J.—In this case, the United States District Court for the Eastern District of Washington certified to this court the issue of whether, and on what standard of proof, an employee who was wrongfully terminated from employment in violation of public policy is entitled to recover damages for emotional distress. We hold that, having once established liability for the tort of wrongful termination of employment in violation of public policy, an employee is entitled to recover damages for emotional distress upon a showing of actual anguish or emotional distress.

The plaintiff, Janis Cagle, was employed by the defendant, Burns and Roe, Inc., a New York corporation, to work in its document control group at the construction site for WPPSS Nuclear Power Project No. 2 in Hanford. The defendant contracted with WPPSS to perform engineering services in connection with the design, engineering, con-

struction management, and quality assurance of the nuclear power plant construction project.

The plaintiff commenced work for the defendant June 24, 1982. Her duties included processing Drawing Interim Revisions, which document variations from the plans in the as–built construction of the nuclear power plant. On December 31, 1982, the plaintiff was given a notice terminating her employment as a result of a reduction in force at the plant. Subsequently, the plaintiff filed this action in federal court seeking damages for breach of contract, outrageous conduct and wrongful discharge.

At trial the plaintiff testified that while employed by the defendant she was repeatedly directed to speed up the construction process by disregarding and violating written procedures. After numerous occasions, the plaintiff finally told a supervisor that she would report the matter to the Nuclear Regulatory Commission if the supervisors persisted in directing her to violate the procedures. After trial, the jury returned a unanimous verdict in favor of the plaintiff, finding that the defendant was liable for breach of contract, outrageous conduct, and wrongful termination. The jury awarded total damages of $102,152, $14,256 of which was attributable to lost wages and employment benefits. The remaining $87,896 was attributable to other forms of damages, including general damages for emotional distress.

The defendant, however, made a motion for judgment notwithstanding the verdict and for a new trial. The District Court granted the defendant's motion on the issues of breach of contract and the tort of outrage, but the court upheld the finding of liability based upon the tort of wrongful termination of employment in violation of public policy. The trial judge suggested that the parties agree to a remittitur to reduce the total damages to $17,128; negotiations, however, proved fruitless. Consequently, the court ordered a new trial, limited to the amount of damages recoverable for wrongful discharge.

Prior to retrial, the defendant filed a motion seeking to exclude all evidence concerning emotional distress. The

defendant claimed that damages for emotional distress were not recoverable for the tort of wrongful termination of employment in violation of public policy. Following oral argument on defendant's motion, counsel and the court agreed that the question of whether Washington law allows damages for emotional distress in a tortious wrongful termination of employment case would be appropriate for certification to the Washington Supreme Court. Thus, the United States District Court for the Eastern District of Washington, pursuant to RCW 2.60, certified to this court for determination the following questions of Washington law:

> Are damages for emotional distress or mental anguish recoverable against a defendant–employer who has been found liable to a former employee for the intentional tort of wrongful termination of employment for a reason which is against public policy? If so, must the employee prove that such emotional distress or mental anguish was intended or reasonably foreseeable by the employer, or is it sufficient to prove only that the employee actually suffered such distress or anguish as a result of such termination?

I

We first recognized a cause of action for wrongful discharge in violation of public policy in *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 685 P.2d 1081 (1984). The appellant in *Thompson* was discharged from employment with St. Regis because he "stepped on somebody's toes." *Thompson*, at 221. The appellant sued St. Regis alleging, among other things, wrongful termination of employment. He claimed that the discharge was in retaliation for having instituted accounting procedures ensuring compliance with the Foreign Corrupt Practices Act of 1977, 91 Stat. 1494 (anti–bribery statute). In addressing his claim, we held that "an employer can be liable in tort if he or she discharges an employee for a reason that contravenes a clear mandate of public policy." *Thompson*, at 233. This court, in adopting the public policy exception to the employment–at–will doctrine, joined the clear majority of jurisdictions which have

recognized a public policy exception premised upon tort principles. *Thompson,* at 231. Nevertheless, we did not consider whether, and on what standard of proof, an employee could recover damages for emotional distress in conjunction with wrongful termination of employment in violation of public policy. This case presents an opportunity for us to address these issues.

Initially, we are confronted with the issue of whether a plaintiff may recover damages for emotional distress in conjunction with wrongful termination of employment in violation of public policy. The plaintiff argues that in Washington, if a tort is intentional, damages for emotional distress are recoverable, if proven. Therefore, according to the plaintiff, because wrongful termination of employment in violation of public policy is an intentional tort, it logically follows that damages for emotional distress are recoverable. The plaintiff also relies extensively on other jurisdictions which have allowed damages for emotional distress in actions for wrongful termination of employment in violation of public policy.

The defendant, on the other hand, argues that damages for emotional distress are limited to those intentional torts which protect dignity or personality interests, such as assault, battery, libel, invasion of privacy, alienation of affections, false imprisonment, defamation, malicious prosecution and intentional infliction of emotional distress. The defendant contends the public policy exception to the employment–at–will doctrine is entirely unrelated to the "private" interests of the employee. The defendant states that because the cause of action is unrelated to private interests, it follows that it is not among those "torts" which protect dignity or personality interests for which compensation for emotional distress is allowed. The overwhelming weight of authority supports the plaintiff's contention.

Generally, the tort of retaliatory discharge is grounded on intent rather than in negligence. W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 130, at 1027 (5th ed. 1984). This conclusion is sup-

ported by the definition of the intent necessary to establish an intentional tort. "The intent with which tort liability is concerned . . . is an intent to bring about a result which will invade the interests of another in a way that the law forbids." W. Keeton, at 36. Wrongful termination of employment in violation of public policy evidences an intent on the part of the employer to discharge an employee for a reason that contravenes a clear mandate of public policy. Thus, wrongful termination of employment in violation of public policy can be accurately characterized as an intentional tort. *Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1064 (5th Cir. 1981). Because the nature of the plaintiff's cause of action lies in tort, this court should utilize tort damages in determining the extent of recovery. *Harless v. First Nat'l Bank*, 289 S.E.2d 692, 701 (W. Va. 1982).

■■ This court has liberally construed damages for emotional distress as being available merely upon proof of "an intentional tort". *Cherberg v. Peoples Nat'l Bank*, 88 Wn.2d 595, 602, 564 P.2d 1137 (1977); *see also Hunsley v. Giard*, 87 Wn.2d 424, 431, 553 P.2d 1096 (1976); *Browning v. Slenderella Sys.*, 54 Wn.2d 440, 341 P.2d 859 (1959). As the court in *Hunsley* stated: "From early in its history, this court has allowed recovery of damages for mental distress, even without physical impact or injury, when the defendant's act was willful or intentional." *Hunsley*, at 431. Moreover, contrary to the assertions made by the defendant, this court has not restricted the award of damages for emotional distress to only those intentional acts which protect dignity or personality interests. On the contrary, recovery of emotional distress damages has been allowed in conjunction with many intentional or willful acts which violate a clear mandate of public policy. *See Miotke v. Spokane*, 101 Wn.2d 307, 678 P.2d 803 (1984) (public nuisance); *Cherberg v. Peoples Nat'l Bank, supra* (intentional interference with business relationships); *Rasor v. Retail Credit Co.*, 87 Wn.2d 516, 554 P.2d 1041 (1976) (noncompliance with fair credit reporting act); *Wilson v. Key Tronic Corp.*, 40 Wn.

App. 802, 701 P.2d 518 (1985) (nuisance); *McRae v. Bolstad,* 32 Wn. App. 173, 646 P.2d 771 (1982) (common law fraud and violation of Consumer Protection Act), *aff'd on other grounds,* 101 Wn.2d 161, 676 P.2d 496 (1984).[1] Because the tort of wrongful termination of employment in violation of public policy was designed to prevent conduct that contravenes a clear mandate of public policy, *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 231–32, 685 P.2d 1081 (1984), we find the above mentioned case law persuasive in the present case.

This court also has recognized that the intentional infliction of emotional distress may be an independent cause of action, rather than an element of damages recoverable as a result of the willful or intentional act of another. *Grimsby v. Samson,* 85 Wn.2d 52, 59, 530 P.2d 291, 77 A.L.R.3d 436 (1975). In addition, we have recognized an independent cause of action for the negligent infliction of emotional distress. *Hunsley v. Giard, supra.* Therefore, based on the above mentioned case law, this court has taken a consistent position in allowing damages for emotional distress for willful or intentional acts of another, even to the extent of allowing an independent cause of action for negligent infliction of emotional distress.

To further illustrate this state's policy favoring awards of damages for emotional distress, it is helpful to turn to the Washington Law Against Discrimination, RCW 49.60. Under RCW 49.60, damages for emotional distress are recoverable as "actual" damages for discriminatory termination of employment. *Kelly v. American Standard, Inc.,* 640 F.2d 974, 983 (9th Cir. 1981); *Dean v. Metropolitan*

---

[1]Other Washington cases which have allowed damages for emotional distress as a result of a willful or intentional act of another include: *Odom v. Williams,* 74 Wn.2d 714, 446 P.2d 335 (1968) (malicious prosecution); *Nordgren v. Lawrence,* 74 Wash. 305, 133 P. 436 (1913) (landlord's unlawful entry); *Wright v. Beardsley,* 46 Wash. 16, 89 P. 172 (1907) (desecration of deceased body); *McClure v. Campbell,* 42 Wash. 252, 84 P. 825 (1906) (wrongful eviction); *Davis v. Tacoma Ry. & Power Co.,* 35 Wash. 203, 77 P. 209 (1904) (defamation of character); *Willson v. Northern Pac. R.R.,* 5 Wash. 621, 32 P. 468, 34 P. 146 (1893) (wrongful expulsion by railroad carrier).

*Seattle,* 104 Wn.2d 627, 708 P.2d 393 (1985); *Glasgow v. Georgia–Pacific Corp.,* 103 Wn.2d 401, 693 P.2d 708 (1985). Washington's Law Against Discrimination is based on a clear mandate of public policy which prevents practices of discrimination in employment against its inhabitants. RCW 49.60.010. Thus, because discriminatory termination of employment embodies a clear mandate of public policy, it is analogous to wrongful termination of employment in violation of public policy, and is therefore persuasive authority in this case.

Moreover, the clear majority of other jurisdictions which recognize the tort of wrongful termination of employment in violation of public policy also allow recovery of damages for emotional distress as part of compensatory damages.[2] In *Thompson,* this court relied on *Harless v. First Nat'l Bank,* 162 W. Va. 116, 246 S.E.2d 270 (1978) to support creation of a public policy exception to the employment–at–will doctrine. In a second appeal of *Harless,* 169 W. Va. 673, 289 S.E.2d 692 (1982), pertaining solely to the propriety of damages awarded by the trial court, the Supreme Court of Appeals for West Virginia held that damages for emotional distress were recoverable when an employee had been terminated in violation of public policy. The court concluded:

> We believe that the tort of retaliatory discharge carries with it a sufficient indicia of intent, thus, damages for emotional distress may be recovered as a part of the compensatory damages.

*Harless,* at 689–90. Numerous other courts have held similarly. *Smith v. Atlas Off–Shore Boat Serv., Inc., supra; Perry v. Hartz Mt. Corp.,* 537 F. Supp. 1387 (S.D. Ind. 1982); *Cancellier v. Federated Dep't Stores,* 672 F.2d 1312 (9th Cir. 1982); *Malik v. Apex Int'l Alloys, Inc.,* 762 F.2d 77 (10th Cir. 1985); *Wiskotoni v. Michigan Nat'l Bank–*

---

[2]There is only one case which denies damages for emotional distress in conjunction with wrongful termination of employment in violation of public policy, *Vigil v. Arzola,* 102 N.M. 682, 699 P.2d 613 (Ct. App. 1983).

*West,* 716 F.2d 378 (6th Cir. 1983).

In addition, several commentators believe that damages for emotional distress are recoverable in an action for wrongful termination of employment in violation of public policy. W. Keeton, at 1029 (citing *Smith v. Atlas Off–Shore Boat Serv., Inc., supra; Harless v. First Nat'l Bank,* 169 W. Va. 673, 289 S.E.2d 692 (1982)). B. Schlei & P. Grossman, *Employment Discrimination* 751 (2d ed. 1983); Note, *Intentional Infliction of Emotional Distress in the Employment at Will Setting: Limiting the Employer's Manner of Discharge,* 60 Ind. L.J. 365, 383 (1985).

Accordingly, based on this court's prior treatment of damages for emotional distress in tort damage law, and in the law against discriminatory discharge under RCW 49.60, in addition to the overwhelming weight of authority from other jurisdictions, we hold that damages for emotional distress are recoverable for wrongful termination of employment in violation of public policy.

II

Having determined that damages for emotional distress are recoverable for wrongful termination of employment in violation of public policy, this court must next determine the standard of proof necessary to recover such damages. The plaintiff argues that once liability has been established, the plaintiff may recover damages for emotional distress resulting from the wrongful act which gave rise to liability, without further establishing that the defendant acted intentionally or that the emotional distress was foreseeable. The defendant, on the other hand, contends that damages for emotional distress should not be awarded unless the plaintiff has proven that at the time of committing the tort of wrongful discharge the employer *intended* to cause the employee emotional distress, or it was *reasonably foreseeable* that such conduct would cause emotional distress. The plaintiff's contention is the better view.

As previously discussed, damages for emotional distress are recoverable as an element of damages merely upon

proof of "an intentional tort". *Cherberg v. Peoples Nat'l Bank,* 88 Wn.2d 595, 564 P.2d 1137 (1977). This court has not required a plaintiff to prove that emotional distress was intended or reasonably foreseeable by the defendant in order to recover damages for emotional distress where there is an independent basis for liability. In *Hunsley v. Giard,* 87 Wn.2d 424, 553 P.2d 1096 (1976), we adopted the independent tort of negligent infliction of emotional distress. We held that although the reasonableness and foreseeability of the injured party's mental reaction was a vital factor in finding liability for negligent infliction of emotional distress, these factors are limited to establishing liability, not the recovery of damages once liability has been established. The court stated:

> Inherent in the formula is the principle that the plaintiff's mental distress must be the reaction of a normally constituted person, absent defendant's knowledge of some peculiar characteristic or condition of plaintiff. In other words, was plaintiff's reaction that of a reasonable man? *This principle goes to the standard of liability, not the extent of recovery once liability is established.*

(Citation omitted. Italics ours.) *Hunsley,* at 436.

Similarly, under RCW 49.60, this court has not required a plaintiff to prove that emotional distress was intended or reasonably foreseeable by the employer in order to recover damages for emotional distress. In *Dean v. Metropolitan Seattle,* 104 Wn.2d 627, 641, 708 P.2d 393 (1985), we stated: "The plaintiff, once having proved discrimination, is only required to offer proof of actual anguish or emotional distress in order to have those damages included in recoverable costs . . ."

Accordingly, we hold that upon proof of the tort of wrongful termination of employment in violation of public policy, the claimant only is required to offer proof of emotional distress in order to recover those damages attributable to the wrongful termination.

### III

Finally, the defendant contends that, assuming emotional

distress is compensable as a matter of tort law, an employee's recovery in a civil action for emotional injuries caused by his or her employer is barred by the Washington Industrial Insurance Act under RCW Title 51. This argument lacks merit. First, this issue is not properly raised in this certification because it presents a separate legal issue not contained in the issues certified for review. Second, even if this issue were properly before this court, under RCW Title 51 an injury must have occurred while the employee was acting "in the course of his or her employment". RCW 51.32.010. "'Acting in the course of employment' means the worker acting at his or her employer's direction or in the furtherance of his or her employer's business . . ." RCW 51.08.013. Here, the plaintiff's emotional distress resulted from termination of employment; it did not occur while "acting in the course of employment". Thus, we hold that RCW Title 51 does not bar an employee's recovery of damages for emotional distress as a result of the tort of wrongful termination of employment in violation of public policy.

In summary, we hold that once having established liability for the tort of wrongful termination of employment in violation of public policy, an employee is entitled to recover damages for emotional distress upon a showing of actual anguish or emotional distress.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.