551 So.2d 489 (1989)
OTIS ELEVATOR COMPANY, Appellant/Cross Appellee,
v.
William F. SCOTT, Appellee/Cross Appellant.
No. 85-1995.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Rehearing and Rehearing Denied November 8, 1989.
Certification Granted November 8, 1989.
*490 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Mark E. Levitt of Hogg, Allen, Ryce, Norton & Blue, P.A., Tampa, for appellant/cross appellee.
Cathy Jackson Lerman of Cathy Jackson Lerman, P.A., and Earle Lee Butler of Butler & Petit, P.A., Fort Lauderdale, for appellee/cross appellant.
Rehearing and Rehearing En Banc Denied November 8, 1989.
PER CURIAM.
In our earlier decision, Otis Elevator Company v. Scott, 503 So.2d 941 (Fla. 4th DCA 1987), we felt compelled to reverse because of the broad language in Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970), but certified the following question as being of great public importance:
Are actions for wrongful discharge brought pursuant to section 440.205, Florida Statutes (1979), governed by Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970)?
We also concluded that our holding on the issue of the statute of limitations rendered it unnecessary to consider the remaining issues.
Appellee sought review of the case in the Supreme Court of Florida, 524 So.2d 642 (Fla. 1988), which answered the above question in the negative, quashed our opinion and remanded the case to us for consideration of the remaining issues.
Having considered same, we again reverse, but remand for new trial. Taking the remaining issues, as presented by appellant, we first conclude that the trial court did not err in failing to grant a directed verdict against the employee altogether, notwithstanding the weak evidence. Moreover, the employer did not raise the argument that the trial court erred in not granting a directed verdict or ordering remittitur as to the $100,000 award for past lost wages; therefore we decline to consider it here.
However, the trial court did err in not granting a directed verdict or in not ordering a remittitur as to the $200,000 award for lost future wages. Appellee failed to establish with reasonable certainty that his loss of future wages was the result of a wrongful discharge. His brief makes no contention that he attempted to find other work at a similar pay, or that his firing had hindered his ability to do so, and cites no portion of the record indicating he felt reinstatement was not a viable alternative because of the animosity between the parties.
Most important, we hold the trial court erred in excluding the testimony of Willie James Ferguson. See In re Estate of Lochhead, 443 So.2d 283, 284 (Fla. 4th DCA 1983); First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA 1983), petition for review denied, 441 So.2d 632 (Fla. 1983).
As for the cross appeal, the trial court did not err in failing to award prejudgment interest because the plaintiff never requested it of the trial court. Should appellee prevail on remand and request interest, the trial court shall then determine whether he is entitled to it pursuant to the requirements of Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985).
Finally the trial court did not err in refusing to instruct the jury on damages for mental pain and suffering and humiliation. Appellee did not sufficiently plead the separate tort of intentional infliction of emotional distress; and it is questionable as a matter of law whether the actions of the employer are so outrageous as to state such a cause of action. See Metropolitan Life Insurance Company v. McCarson, 467 So.2d 277 (Fla. 1985); McConnell v. Eastern Airlines, Inc., 499 So.2d 68, 69 (Fla. 3d DCA 1986) (in order to constitute a tort conduct must be extreme and outrageous). Cf. Corder v. Champion Road Machinery Intern. Corp., 283 S.C. 520, 324 *491 S.E.2d 79 (S.C. Ct.App. 1984), cert. denied, 286 S.C. 126, 332 S.E.2d 533 (S.C. 1985) (retaliatory discharge for filing workers compensation claim, without more, does not constitute extreme and outrageous conduct). On remand, the matter should proceed to trial upon the issues framed by the pleadings as they existed when this appeal was brought.
ANSTEAD, GLICKSTEIN, JJ., and KLEIN, HERBERT M., Associate Judge, concur.

ON APPELLEE'S MOTIONS FOR REHEARING, CERTIFICATION AND REHEARING 
EN BANC
PER CURIAM.
We deny the motions except for certification, which we grant, concluding the following to be a question of great public importance:
ARE DAMAGES FOR EMOTIONAL DISTRESS AVAILABLE TO THE PLAINTIFF IN AN ACTION FOR WRONGFUL DISCHARGE PURSUANT TO SECTION 440.205, FLORIDA STATUTES?
In denying the motion for rehearing, we reaffirm that this court applied in this case the clear abuse of discretion standard and determined that the exclusion of the witness by the trial court was erroneous.
GLICKSTEIN, J., and KLEIN, HERBERT M., Associate Judge, concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, dissenting in part.
The scope of damages permitted under the retaliatory discharge statute, section 440.205, Florida Statutes (1979), remains an open question in Florida. Because the statute itself fails to address damages, and no Florida decision addresses the question, we are without clear legislative or judicial guidance on the issue. However, I now conclude that damages for emotional distress as well as other damages usually associated with the commission of an intentional tort may be recoverable under the statute. My conclusion is predicated on the Florida Supreme Court's comparison of the statute with tort actions allowed in other jurisdictions.
Section 440.205, Florida Statutes (1979), provides:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law.
In Smith v. Piezo Technology & Professional Administrators, Inc., 427 So.2d 182 (Fla. 1983), the supreme court held that, although Florida does not recognize a common law tort for retaliatory discharge, section 440.205 created a statutory cause of action for wrongful discharge. In Scott v. Otis Elevator Company, 524 So.2d 642, 643 (Fla. 1988) the supreme court held that the enactment of section 440.205 created a cause of action for retaliatory discharge that "is tortious in nature." 524 So.2d at 643. Scott acknowledged that those states which have adopted retaliatory discharge as a common law tort generally consider it grounded on intent rather than negligence, and allow recovery for emotional distress and punitive damages, as well as lost wages. The court noted that, although Florida did not recognize a common law cause of action for retaliatory discharge, the legislature had enacted section 440.205 so as to create a "distinct limited statutory cause of action for retaliatory discharge in the area of workers compensation." Scott, at 643.
Alas, perhaps because its decision was confined to the issue of the applicable limitations statute, the Scott court did not address the damages issue, nor did it explain what it meant by the phrase "limited statutory cause of action." I assume the court meant "limited" in the sense that retaliatory discharge cases can be filed only when the discharge is in retaliation for the employee making a compensation claim. If such a claim can be proven, the employee is entitled to the same damages that a common-law *492 claim for retaliatory discharge allows.
The issue of damages in retaliatory discharge claims has been considered in a number of cases from foreign jurisdictions. Representative of them is Cagle v. Burns and Roe, Inc., 106 Wash.2d 911, 726 P.2d 434 (1986) (en banc) wherein the court considered the termination of an employee after she had threatened to report the misconduct of her employer to the Nuclear Regulatory Commission. Considering whether to uphold the jury's award of damages for lost wages, employment benefits and emotional distress, the court relied on its earlier holding in Thompson v. St. Regis Paper Co., 102 Wash.2d 219, 685 P.2d 1081 (1984), that "an employer can be liable in tort if he or she discharges an employee for a reason that contravenes a clear mandate of public policy." Thompson, 685 P.2d at 233. The Cagle court noted that in issuing Thompson, it had joined a clear majority of other jurisdictions which had adopted the public policy exception to the employment-at-will doctrine which recognized a public policy exception to that doctrine premised upon tort principles.
In Cagle the court expanded that doctrine to address the appropriateness of an award of damages for emotional distress as well as the standard of proof necessary for an employee to recover such damages. The court approved the plaintiff's contention that since wrongful termination of employment in violation of public policy is an intentional tort, damages for emotional distress, if proven, are recoverable. Cagle, 726 P.2d at 436. Citing commentators who have observed that the tort of retaliatory discharge is grounded on intent rather than negligence,[1] and that wrongful termination in violation of public policy can thus be characterized as an intentional tort, the court concluded that in determining the extent of a plaintiff's damages, a court should utilize tort damages. Cagle, 726 P.2d at 436.
I believe the holding in Scott that wrongful termination is tortious in nature, means that an employer who terminates an employee in violation of section 440.205 exposes itself to liability for those damages generally awardable to the victim of a tort. See Cagle.
Accordingly, I believe the appellee should be given an opportunity to prove any of the damages sought in his pleadings in the new trial we have ordered.
NOTES
[1] W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser & Keeton on Torts § 130, at 1028 (5th ed. 1984).