572 So.2d 902 (1990)
William F. SCOTT, Petitioner,
v.
OTIS ELEVATOR COMPANY, Respondent.
No. 75181.
Supreme Court of Florida.
November 8, 1990.
Rehearing Denied February 5, 1991.
Earle Lee Butler of Earle Lee Butler, P.A., Cathy Jackson Lerman of Cathy Jackson Lerman, P.A., and Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for petitioner.
Mark E. Levitt, Tampa, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for respondent.
GRIMES, Justice.
We review Otis Elevator Co. v. Scott, 551 So.2d 489, 491 (Fla. 4th DCA 1989), in which the court certified the following as a question of great public importance:
ARE DAMAGES FOR EMOTIONAL DISTRESS AVAILABLE TO THE PLAINTIFF IN AN ACTION FOR WRONGFUL DISCHARGE PURSUANT TO SECTION 440.205, FLORIDA STATUTES?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Scott was terminated as an employee of Otis on September 25, 1980. Scott brought suit against Otis on September 10, 1984, contending that he had been wrongfully discharged in violation of section 440.205, Florida Statutes (1979), which states:
440.205 Coercion of employees.  No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
Scott obtained a jury verdict in his favor. The Fourth District Court of Appeal reversed the judgment entered upon the verdict on the basis that Scott's suit was barred by the two-year statute of limitations for actions to recover wages or overtime. *903 Otis Elevator Co. v. Scott, 503 So.2d 941 (Fla. 4th DCA 1987). This Court quashed that decision, holding that claims under section 440.205 are controlled by the four-year statute of limitations for statutory causes of action. Scott v. Otis Elevator Co., 524 So.2d 642 (Fla. 1988).
Upon remand, the Fourth District Court of Appeal considered the remaining issues on appeal. That court once again reversed the judgment but upon different grounds and remanded for a new trial. In its opinion, the court held that a claim under section 440.205 by itself did not authorize the recovery of damages for emotional distress. In a split decision, the court denied a motion for rehearing but certified the question which gives us jurisdiction.
In Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983), we held that while Florida does not recognize a common-law tort for retaliatory discharge, section 440.205 created a statutory cause of action for wrongful discharge. Then, in our earlier opinion in the instant case, we distinguished the limitations provision applicable to suits for wages or overtime by analogizing claims under section 440.205 to suits for intentional tort in which there could be recovery for emotional distress in addition to lost wages. Scott, 524 So.2d 642.
We also noted that jurisdictions which do recognize suits for retaliatory discharge have generally permitted recovery for emotional distress. Id. at 643; see also Annotation, Damages Recoverable for Wrongful Discharge of At-Will Employee, 44 A.L.R.4th 1131 (1986). In Cagle v. Burns & Roe, Inc., 106 Wash.2d 911, 915-16, 726 P.2d 434, 436 (1986), the court reasoned as follows:
Generally, the tort of retaliatory discharge is grounded on intent rather than in negligence. W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Torts § 130, at 1027 (5th ed. 1984). This conclusion is supported by the definition of the intent necessary to establish an intentional tort. "The intent with which tort liability is concerned .. . is an intent to bring about a result which will invade the interests of another in a way that the law forbids." W. Keeton, at 36. Wrongful termination of employment in violation of public policy evidences an intent on the part of the employer to discharge an employee for a reason that contravenes a clear mandate of public policy. Thus, wrongful termination of employment in violation of public policy can be accurately characterized as an intentional tort. Smith v. Atlas Off-Shore Boat Serv., Inc., 653 F.2d 1057, 1064 (5th Cir.1981). Because the nature of the plaintiff's cause of action lies in tort, this court should utilize tort damages in determining the extent of recovery. Harless v. First Nat'l Bank, 289 S.E.2d 692, 701 (W. Va. 1982).
The court went on to hold that damages for emotional distress should be recoverable as in the case of other intentional torts. Accord Malik v. Apex Int'l Alloys, Inc., 762 F.2d 77 (10th Cir.1985); Wiskotoni v. Michigan Nat'l Bank-West, 716 F.2d 378 (6th Cir.1983); Cancellier v. Federated Dep't Stores, 672 F.2d 1312 (9th Cir.), cert. denied, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982); Smith v. Atlas Off-Shore Boat Serv., Inc., 653 F.2d 1057 (5th Cir.1981); Perry v. Hartz Mountain Corp., 537 F. Supp. 1387 (S.D.Ind. 1982); Harless v. First Nat'l Bank, 169 W. Va. 673, 289 S.E.2d 692 (1982).
Section 440.205 reflects the public policy that an employee shall not be discharged for filing or threatening to file a workers' compensation claim. We hold that an employer who violates this statute has committed an intentional tort, thereby exposing itself to liability for damages for emotional distress.
We decline to pass on other issues raised by both parties except that we do find it necessary to refer briefly to two other aspects of the opinion of the district court of appeal. First, we do not believe it was necessary for Scott to prove that reinstatement was not a viable alternative in order to recover lost future wages. Section 440.205 does not authorize the court to order reinstatement of the employee and, at most, evidence that Otis may have offered *904 to rehire Scott would be defensive in nature. Further, we do not believe that Scott should be precluded from repleading his claims upon remand in order to more fully set forth the elements of damage which he seeks to recover.
We answer the certified question in the affirmative. We approve the decision of the district court of appeal, but we disapprove of the rationale of the opinion to the extent reflected herein.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
Although I concede that the question as answered in the majority opinion is a permissible extension of Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983), and Scott v. Otis Elevator Co., 524 So.2d 642 (Fla. 1988), I would hold that the damages arising from a violation of section 440.205, Florida Statutes (1979), do not include a claim for emotional distress. I would equate a section 440.205 discharge of an employee to a breach of a contract for employment and allow only those damages that normally flow from a breach of contract action. Generally speaking, in a case involving the discharge of an employee under contract for a specific period, the actual measure of damages is the amount of compensation agreed upon for the remainder of the period, less the amount that the employee earned or might have earned. 22 Am.Jur.2d Damages §§ 31-35 (1988). This is an appropriate remedy for wrongful discharge.
Section 440.205 came into being as part of chapter 79-40, Laws of Florida, a massive amendment to the prior workmen's compensation laws.[1] The remedies in the workers' compensation law are restricted to lost wages, lost earning capacity, and medical benefits. Nowhere are intangible benefits such as mental distress explicitly allowed. I therefore conclude that, when the provision leading to section 440.205 was included in chapter 79-40, there was no intent by the legislature to include mental distress as an element of damages.[2] If a plaintiff can in good faith plead, and then prove, the separate tort of intentional infliction of emotional distress, a claim for emotional distress may stand, but we have steadfastly held that such conduct must be extreme and outrageous. See Metropolitan Life Insurance Co. v. McCarson, 467 So.2d 277 (Fla. 1985). In my view, a retaliatory discharge for filing a workers' compensation claim, without more, does not reach that standard. In this regard, I concur with Corder v. Champion Road Machinery International Corp., 283 S.C. 520, 324 S.E.2d 79 (Ct.App. 1984), cert. denied, 286 S.C. 126, 332 S.E.2d 533 (1985).
NOTES
[1] It became the workers' compensation law.
[2] Everyone is handicapped when the legislature creates a cause of action previously unknown and fails to specify the damages or penalties as a consequence thereof. I strongly suggest that the legislature review our interpretation of the damages available for a breach of § 440.205 to assure that this Court has forged the appropriate remedy for its violation.