869 So.2d 690 (2004)
Janet MAGGIO, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, AGENCY FOR WORKFORCE INNOVATION, Appellee.
No. 2D03-2046.
District Court of Appeal of Florida, Second District.
April 2, 2004.
*691 John W. Barkas, Jr., Tampa, for Appellant.
Nancy A. Chad and Jay P. Lechner of Zinober & McCrea, P.A., Tampa, for Appellee.
DAVIS, Judge.
In this employment discrimination claim filed against a state agency, the employee, Janet Maggio, challenges the trial court's dismissal of her action with prejudice and the final summary judgment entered against her. We affirm.
In its order, the trial court found that Maggio's action, filed pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), was a tort claim. By statute, the State waives sovereign immunity in a tort action if the claimant has complied with the presuit notice requirements of section 768.28(6)(a), Florida Statutes (2001). The trial court concluded that Maggio's action should be dismissed due to her failure to comply with these statutory requirements. Although the trial court also entered final summary judgment against Maggio for her failure to file her action within the four-year general statute of limitations period, we need not reach the statute of limitations issue because Maggio's failure to adhere to the presuit requirements is dispositive.
Maggio filed her action on December 19, 2001, pursuant to the FCRA, alleging that the Department of Labor and Employment Security ("DLES") and its successor agency, the Agency for Workforce Innovation, had committed unlawful employment practices that discriminated against her on the basis of her handicap. Maggio, who is legally blind, had requested certain accommodations in order to fully perform her duties as a consumer services specialist.
The state agency, DLES, argued that Maggio's employment discrimination claim under the FCRA was a tort claim, which required her to comply with the presuit notice requirements contained in section 768.28(6)(a). DLES also argued that Maggio's failure to give such notice mandated dismissal of her claim. Further, DLES suggested that since the time allowed for complying with the notice requirement had passed as of the date of the trial court's hearing, the claim should be dismissed with prejudice.[1]
In response, Maggio contended that she was not required to give such presuit notice because the genesis of her claim was her employment, which was a contractual relationship that did not sound in tort. She argued that because notice was required only in tort actions, not breach of contract actions, she was not required to comply with the section 768.28(6)(a) presuit notice requirements.
We agree with the trial court that an action filed pursuant to the FCRA is a tort claim. Claims arising under the FCRA stem from personal rights that are granted and guaranteed by legislative act, not by contract. We are persuaded by the reasoning and analysis of Scott v. Otis Elevator Co., 572 So.2d 902 (Fla.1990) (Scott II). In Scott II, the Florida Supreme Court quoted with approval Cagle v. *692 Burns & Roe, Inc., 106 Wash.2d 911, 726 P.2d 434, 436 (1986), for the following premise: "`[W]rongful termination of employment in violation of public policy can be accurately characterized as an intentional tort.'" 572 So.2d at 903; see also City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (holding that federal cases filed under 42 U.S.C. § 1983 sound in tort); Scott v. Otis Elevator Co., 524 So.2d 642, 643 (Fla.1988) (Scott I) (holding that retaliatory discharge is tortious in nature).
Similarly, we find the reasoning in Bearelly v. State, Department of Corrections, No. 63-2001-CA-046, 2002 WL 982429 (Fla. 8th Cir.Ct. Apr. 10, 2002), persuasive. In that case, the circuit court specifically found that a civil rights claim under the FCRA for wrongful discharge is a tort that is subject to the presuit notice requirements of section 768.28(6). On review, the trial court's decision was per curiam affirmed. Bearelly v. State, Dep't of Corr., 845 So.2d 186 (Fla. 1st DCA 2003) (table decision). Although the claim before us alleges discriminatory acts and not wrongful discharge, the reasoning of Bearelly applies because the basis of Maggio's discrimination claim is that her employer violated her rights as granted by the FCRA.
We therefore conclude that Maggio's claim, filed pursuant to the FCRA, was a tort claim that was subject to the section 768.28(6)(a) presuit notice requirements. Given Maggio's failure to comply with those requirements, and due to the passage of time and her inability to now timely comply, the trial court correctly dismissed her claim with prejudice. However, because it appears that there is no appellate decision specifically finding that FCRA claims are tort actions, and because we believe this issue to be a matter of great public importance, we certify the following question to the Florida Supreme Court:
ARE CLAIMS FILED PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT OF 1992 TORT CLAIMS AND THUS SUBJECT TO THE PRESUIT NOTICE REQUIREMENTS OF SECTION 768.28(6), FLORIDA STATUTES (2003)?
Affirmed; question certified.
CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] Section 768.28(6)(a) requires that notice be given within three years after the claim accrues. Maggio resigned her employment May 15, 1998, and the trial court dismissed the complaint on April 8, 2003.